UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JAMIE DOMROE,

Plaintiff, Case No. 24cv6545

v. ANSWER

NASSAU COUNTY,

Defendant.

----------------------------------------------------------x

NASSAU COUNTY ("Defendant"), appearing by its attorney THOMAS A. ADAMS, Nassau County Attorney, Susan M. Tokarski, Deputy County Attorney, of counsel submits this Answer in response to the Complaint.

1. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.
2. The Defendant admits the allegations set forth in paragraph 2 of the complaint.
3. Defendants denies the allegations in paragraph 3 of the complaint except admits that on July 16, 2019 plaintiff was assaulted.
4. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 4 of the complaint.
5. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 5 of the complaint.
6. Defendant denies the allegations set forth in paragraph 6 of the complaint.
7. Defendant denies the allegations set forth in paragraph 7 of the complaint.
8. Defendant denies the allegations set forth in paragraph 8 of the complaint.

9. Defendant denies the allegations set forth in paragraph 9 of the complaint.
10. Defendant denies the allegations set forth in paragraph 10 of the complaint.
11. Defendant denies the allegations set forth in paragraph 11 of the complaint.
12. Defendant denies the allegations set forth in paragraph 12 of the complaint.

## ANSWERING: JURISDICTION AND VENUE

13. Defendant denies the allegations contained in paragraph 13 of the complaint and respectfully refers questions of law to the Court.
14. Defendant denies the allegations contained in paragraph 14 of the complaint and respectfully refers questions of law to the Court.
15. Defendant denies the allegations contained in paragraph 15 of the complaint and respectfully refers questions of law to the Court.

## ANSWERING: THE PARTIES

16. Defendant denies the allegations contained in paragraph 16 of the complaint, except admits that
17. Defendant admits the allegations contained in paragraph 17 of the complaint.
18. Defendant denies knowledge or information to form a belief as to the allegations contained in paragraph 18 of the complaint.
19. Defendant denies knowledge or information to form a belief as to the allegations contained in paragraph 19 of the complaint.
20. Defendant admits the allegations contained in paragraph 20 of the complaint.
21. Defendant deny the allegations contained in paragraph 21 of the complaint and respectfully refer questions of law to the Court.

## ANSWERING EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

22. Defendant denies the allegations contained in paragraph 22 of the complaint and respectfully refers questions of law to the Court.
23. Defendant denies the allegations contained in paragraph 23 of the complaint except admits that the EEO issued a right to sue letter on June 24, 2024.

## ANSWERING STATEMENT OF FACTS

24. Defendant denies the allegations contained in paragraph 24 of the complaint except admits that the plaintiff was appointed as a psychiatric social worker in September 2017.
25. Defendant denies the allegations in paragraph 25 of the complaint.
26. Defendant denies the allegations in paragraph 26 of the complaint except admits that the plaintiff was attacked at work on July 19, 2020.
27. Defendant denies the allegations in paragraph 27 of the complaint.
28. Defendant denies the allegations contained in paragraph 28 of the complaint.
29. Defendant denies the allegations contained in paragraph 29 of the complaint.
30. Defendant denies the allegations contained in paragraph 30 of the complaint.
31. Defendant denies the allegations contained in paragraph 31 of the complaint.
32. Defendant denies the allegations contained in paragraph 32 of the complaint.
33. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the complaint.
34. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the complaint.
35. Defendant denies the allegations contained in paragraph 35 of the complaint.
36. Defendant denies the allegations contained in paragraph 36 of the complaint.

37. Defendant denies the allegations contained in paragraph 37 of the complaint.
38. Defendant denies the allegations contained in paragraph 38 of the complaint.
39. Defendant denies the allegations contained in paragraph 39 of the complaint.
40. Defendant denies the allegations contained in paragraph 40 of the complaint.
41. Defendant denies the allegations contained in paragraph 41 of the complaint.
42. Defendant denies the allegations contained in paragraph 42 of the complaint.
43. Defendant denies the allegations contained in paragraph 43 of the complaint.
44. Defendant denies the allegations contained in paragraph 44 of the complaint.
45. Defendant denies the allegations contained in paragraph 45 of the complaint except admits that plaintiff's counsel and defendants counsel exchanged emails in May 2022.
46. Defendant denies the allegations contained in paragraph 46 of the complaint.
47. Defendant denies the allegations contained in paragraph 47 of the complaint.
48. Defendant denies the allegations contained in paragraph 48 of the complaint.
49. Defendant denies the allegations contained in paragraph 49 of the complaint.
50. Defendant denies the allegations contained in paragraph 50 of the complaint.
51. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the complaint.
52. Defendant denies the allegations contained in paragraph 52 of the complaint.
53. Defendant denies information sufficient to form a belief as to the allegations contained in paragraph 53 of the complaint.
54. Defendant denies the allegations contained in paragraph 54 of the complaint.
55. Defendant denies the allegations contained in paragraph 55 of the complaint.
56. Defendant denies the allegations contained in paragraph 56 of the complaint.

57. Defendant denies the allegations contained in paragraph 57 of the complaint and respectfully refers the parties to the document referred.

58. Defendant denies the allegations contained in paragraph 58 of the complaint.

**ANSWER TO THE FIRST CAUSE OF ACTION**

59. In response to paragraph 59 of the complaint, Defendant repeats and reasserts the responses contained in paragraphs 1 through 58, above, as if the same were more fully set forth at length herein.

60. Defendant denies the allegations contained in paragraph 60 of the complaint.

61. Defendant denies the allegations contained in paragraph 61 of the complaint.

62. Defendant denies the allegations contained in paragraph 62 of the complaint except admit that during COVID pandemic from November 2020 to May 2021 plaintiff worked remotely.

63. Defendant denies the allegations contained in paragraph 63 of the complaint.

64. Defendant denies the allegations contained in paragraph 64 of the complaint.

65. Defendant denies the allegations contained in paragraph 65 of the complaint.

66. Defendant denies the allegations contained in paragraph 66 of the complaint.

67. Defendant denies the allegations contained in paragraph 67 of the complaint.

68. Defendant denies the allegations contained in paragraph 68 of the complaint.

**ANSWER TO THE SECOND CAUSE OF ACTION**

69. In response to paragraph 69 of the complaint, Defendant repeats and reasserts the responses contained in paragraphs 1 through 68, above, as if the same were more fully set forth at length herein.

70. Defendant denies the allegations contained in paragraph 70 of the complaint.

71. Defendant denies the allegations contained in paragraph 71 of the complaint.

72. Defendant denies the allegations contained in paragraph 72 of the complaint except admit that during COVID pandemic from November 2020 to May 2021 plaintiff worked remotely.

73. Defendant denies the allegations contained in paragraph 73 of the complaint.

74. Defendant denies the allegations contained in paragraph 74 of the complaint.

75. Defendant denies the allegations contained in paragraph 75 of the complaint.

76. Defendant denies the allegations contained in paragraph 76 of the complaint.

77. Defendant denies the allegations contained in paragraph 77 of the complaint.

78. Defendant denies the allegations contained in paragraph 78 of the complaint.

## ANSWER TO THE THIRD CAUSE OF ACTION

79. In response to paragraph 79 of the complaint, Defendant repeats and reasserts the responses contained in paragraphs 1 through 78, above, as if the same were more fully set forth at length herein.

80. Defendant denies the allegations contained in paragraph 80 of the complaint.

81. Defendant denies the allegations contained in paragraph 81 of the complaint.

82. Defendant denies the allegations contained in paragraph 82 of the complaint.

83. Defendant denies the allegations contained in paragraph 83 of the complaint, except admits that premiums owed totaled in the amount of $19,114.83.

84. Defendant denies the allegations contained in paragraph 84 of the complaint.

85. Defendant denies the allegations contained in paragraph 85 of the complaint.

86. Defendant denies the allegations contained in paragraph 86 of the complaint.

87. Defendant denies the allegations contained in paragraph 87 of the complaint.

88. Defendant denies the allegations contained in paragraph 88 of the complaint.

89. Defendant denies the allegations contained in paragraph 89 of the complaint.

90. Defendant denies the allegations contained in paragraph 90 of the complaint/

## ANSWER TO THE FOURTH CAUSE OF ACTION

91. In response to paragraph 91 of the complaint, Defendant repeats and reasserts the responses contained in paragraphs 1 through 90, above, as if the same were more fully set forth at length herein.

92. Defendant denies the allegations contained in paragraph 92 of the complaint.

93. Defendant denies the allegations contained in paragraph 93 of the complaint.

94. Defendant denies the allegations contained in paragraph 94 of the complaint.

95. Defendant denies the allegations contained in paragraph 95 of the complaint, except admit that premiums owed totaled in the amount of $19,114.83.

96. Defendant denies the allegations contained in paragraph 96 of the complaint.

97. Defendant denies the allegations contained in paragraph 97 of the complaint.

98. Defendant denies the allegations contained in paragraph 98 of the complaint.

99. Defendant denies the allegations contained in paragraph 99 of the complaint.

100. Defendant denies the allegations contained in paragraph 100 of the complaint.

101. Defendant denies the allegations contained in paragraph 101 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

102. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

103. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

THIRD AFFIRMATIVE DEFENSEE

104. At all relevant times, Defendants had policies in place prohibiting discrimination and/ or harassment against individuals in categories protected by federal and New York State laws, prohibiting retaliation against individuals who made good faith reports of such discrimination and/ or harassment and requests for accommodation, and providing compliant procedures for effective and immediate redress and resolution of such matters. Plaintiff unreasonably failed to take advantage of the complaint procedures set forth therein.

FOURTH AFFIRMATIVE DEFENSE

105. Any and all actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate , non-discriminatory, non-retaliatory reasons.

FIFTH AFFIRMATIVE DEFENSE

106. Defendant, at all times, acted in good faith and without malice, willfulness or evil intent.

SIXTH AFFIRMATIVE DEFENSE

107. Defendant acted in good faith and in full accordance with the law.

SEVENTH AFFIRMATIVE DEFENSE

108. The Complaint is barred, in whole or in part, because Defendants would have taken the same action irrespective of any purported complaints made by Plaintiff, or alleged protected activity engaged in by Plaintiff.

EIGTH AFFIRMATIVE DEFENSE

109. The Plaintiff failed to engage in the required interactive process.

## NINTH AFFIRMATIVE DEFENSE

110. The Plaintiff's terms of employment are pursuant to the collective bargaining agreement between the Nassau County and CSEA Nassau Local 830 ("CSEA CBA"). All disputes regarding the terms of the collective bargaining agreement are subject to binding arbitration.

111. The plaintiff's claims for retaliation regarding whether she was eligible to receive health insurance benefits pursuant to the CSEA CBA should be dismissed as the claim was subject to binding arbitration.

## TENTH AFFIRMATIVE DEFENSE

112. The County, CSEA, and the plaintiff entered into a stipulation providing Ms. Domroe' s health insurance benefits from July 1, 2021 through October 31, 2021. At the time the plaintiff was represented by CSEA. In the agreement it was acknowledged the terms of the CSEA CBA that employees unable to work due to an alleged on the job injury in excess of one year are required to pay the premium of their insurance costs or else have a lapse in coverage.

113. The County complied with the terms of the stipulation and provided Ms. Domroe fully paid health insurance benefits from July 1, 2021 through October 31, 2021.

114. The plaintiff's claims for retaliation regarding whether she was eligible to receive health insurance benefits pursuant to the CSEA CBA should be dismissed pursuant to the terms of the stipulation.

**WHEREFORE,** the Defendant Nassau County respectfully requests that Plaintiff's complaint be dismissed in its entirety with prejudice, and for all other relief that this Court deems just and proper.

Dated: Mineola, New York
November 18, 2024

THOMAS A. ADAMS
Nassau County Attorney

By: ____________________

Susan M. Tokarski
Deputy County Attorney
Attorney for Defendant
One West Street
Mineola, New York 11501
stokarski@nassaucountyny.gov
(516) 571-3001

To: (via ecf)
Valli Kane & Vagnini LLP
600 Old Country Road, Ste. 519
Garden City, NY 11530
(516) 203-7180