# DEFENDANT'S EXHIBITS

PETER A. BEE*
RICHARD P. READY
WILLIAM C. DEWITT
ANDREW K. PRESTON**
STEPHEN L. MARTIR**

OF COUNSEL:

RHODA Y. ANDORS

* ALSO ADMITTED IN FL
** ALSO ADMITTED IN NJ

# BEE READY LAW GROUP, LLP

170 Old Country Road, Suite 200
Mineola, New York 11501
T. 516-746-5599 -- F. 516-746-1045
www.beereadylaw.com

ASSOCIATES:

THEODORE GORALSKI
JASON P. BERTUNA
**CHRISTOPHER J. NEUMANN
KEVIN SIMMONS
CATHERINE V. BATTLE

July 1, 2026

***Via Email Only - jav@vkv.law***

James Vagnini, Esq.
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530

***Re: Domroe v. Nassau County***
***Case No. 24-cv-06545 (SJB)(LGD)***

Dear Mr. Vagnini:

Please let me know your availability during the week of July 6th to meet and confer, regarding Plaintiff's failure to provide discovery in response to Defendant's First Request for the Production of Documents ("First Request for Documents") and First Set of Interrogatories.

Initially, Defendant takes issue with Plaintiff's failure to respond to Request 21 of its First Request for Documents, which states as follows:

**Request 21**

> Any and all documents concerning any efforts Plaintiff has made to mitigate her alleged damages including but not limited to plaintiff's efforts that seek employment other than with the County including but not limited to copy of the plaintiff's resume, communications with potential employers, offers of employment, and job descriptions, etc.

Plaintiff's response to Request 21 is that "[s]ubject to and without waiver of the foregoing objections or any General Objections, *Plaintiff is a current employee* and has no responsive documents." (emphasis added). This response is blatantly insufficient. Initially, Plaintiff's status as "a current employee" of the County is wholly immaterial. It is indisputable that Plaintiff is seeking herein damages consisting of, *inter alia*, back pay and front pay. *See* Complaint, ¶ 12 and Wherefore clause, Section B; Plaintiff's Response to Defendant's Interrogatory 3. Accordingly, Plaintiff has a duty to mitigate her alleged damages. Any mitigation – or lack thereof – on Plaintiff's part is directly relevant to Defendant's defense and, thus, a matter regarding which Defendant is clearly entitled to discovery under Fed. R. Civ. P. 26(b)(1). In sum, Plaintiff's response to Request 21 is evasive, incomplete and a failure to disclose within the meaning of Fed.

R. Civ. P. 37(a). I look forward to scheduling a time to meet and confer to address this matter, including establishing a timeframe for the provision of responsive documents.

Plaintiff's answer to Interrogatory 16 of Defendant's First Set of Interrogatories is also inadequate. Interrogatory 16 states:

**Interrogatory 16**

> Identify all applications for disability benefits following the plaintiff's injuries in 2019 from Workers Compensation, Social Security, NYS Retirement system, and or any insurance carrier. Include the name of the agency or carrier, the date the request was made, the documents submitted in the request and any response received in the request

Plaintiff answered Interrogatory 16 by stating "plaintiff is receiving Workers' Compensation and Social Security benefits." This answer is facially deficient and constitutes a failure to disclose under Fed. R. Civ. P. 37(a). As well, there can be no genuine dispute that, like document Request 21, the information sought pursuant to Interrogatory 16 is well within the scope of discovery under Fed. R. Civ. P. 26(b)(1). Accordingly, I look forward to meeting and conferring to discuss Plaintiff's provision of a forthright and comprehensive answer to Interrogatory 16.

In addition to the above, in light of the recent change of counsel, I would appreciate it if your office would provide this office with PDFs of all discovery that Plaintiff has served to date in this matter.

Thank you for your consideration of the above. I look forward to hearing from you regarding your availability to meet and confer during the week of July 6th to address the above matters.

Very truly yours,

Catherine V. Battle

Catherine V. Battle

cc: Brendan Carman, Esq. (*via email only* - bcarman@vkv.law)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMIE DOMROE,<br><br>Plaintiff,<br><br>v.<br><br>NASSAU COUNTY,<br><br>Defendant. | Index No. 2:24-CV-6545<br><br>**Plaintiff's Objections and Responses to Defendant's First Request for the Production of Documents** |

Plaintiff Jamie Domroe ("Plaintiff"), by and through her attorneys Valli Kane & Vagnini LLP, hereby serves the following objections and responses to Defendant's First Request for the Production of Documents ("RFPs").

**PRELIMINARY STATEMENT**

These disclosures are based upon information reasonably available to Plaintiff as of the date hereof. By making these disclosures, Plaintiff does not represent that she has identified all documents materials responsive to the RFPs. Rather, Plaintiff's disclosures represent a good faith effort to identify such relevant, responsive, and non-privileged information, subject to the comments, qualifications, and general and specific objections set forth below. Plaintiff's investigation is ongoing, and she may learn of additional relevant, responsive, and non-privileged information and documents. So, Plaintiff reserves the right to supplement these responses.

**COMMENTS AND QUALIFICATIONS TO PLAINTIFF'S RESPONSES**

1. Plaintiff reserves the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility, or any other proper ground, to the use of any of the information or documents produced or any information or documents that may be produced in

response to these RFPs, for any purpose, in any subsequent step or proceeding in this action or any other action.

2. Plaintiff reserves the right to object at any time to other discovery requests or other discovery procedures involving or relating to the scope or subject matter of the requests herein.

3. Plaintiff reserves the right at any time to revise, add to, correct, or clarify any of the answers or objections made in response to these RFPs. Plaintiff also reserves the right to supplement, modify, or amend these responses, as needed, based upon her continuing search for responsive information.

4. Plaintiff reserves the right to object at any time to a demand for further responses to these requests.

5. In responding to the RFPs, Plaintiff does not waive nor intend to waive any privilege or immunity that would entitle her to refuse to produce certain information or to object to such information's use for any purpose, including but not limited to the attorney-client privilege, the work product doctrine, the trial preparation doctrine, or the self-critical analysis privilege.

6. By responding to these requests, Plaintiff does not concede the relevance, materiality, or admissibility of any specific request, any of its responses, any information provided, or any document produced, including all information contained therein.

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

1. Plaintiff objects to any document request or interrogatory to the extent they impose obligations beyond what is required under the Federal Rules of Civil Procedure ("FRCP"). Plaintiff will respond to each document request in accordance with the FRCP and will not respond to the extent that document request seeks information or imposes obligations beyond the requirements of the FRCP or any applicable Court order.

2. Plaintiff objects to any document request that calls for a legal conclusion, seeks to intrude upon Plaintiff's litigation or trial strategy, or seeks documents or information that are protected from disclosure by any privilege, protection, or immunity, including but not limited to the attorney-client privilege, work-product doctrine, and self-critical analysis privilege. Plaintiff will not produce any document or information which is so protected. Any production of such documents, information or material is inadvertent and shall not be deemed a waiver by Plaintiff.

3. Plaintiff objects to any document request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to any document request to the extent that it is overbroad, excessive, or imposes an undue burden upon Plaintiff.

5. Plaintiff objects to any document request to the extent that it is vague or ambiguous.

6. Plaintiff objects to document request to the extent that it seeks responses that could have been sought via timely notice of depositions.

7. Plaintiff reserves the right to supplement these responses if warranted based on her continuing investigation and discovery.

8. Plaintiff incorporates each of the foregoing Comments and Qualifications and General Objections into each of Plaintiff's responses below. The production of documents or information and the listing of certain specific objections shall not be deemed a waiver of these Comments and Qualifications and General Objections, all of which are preserved.

Notwithstanding the foregoing Comments and Qualifications and General Objections, and without waiving any of them, Plaintiff responds to Defendant's RFPs as set forth below.

## I. Requests for Production: Responses and Specific Objections

**Request 1**

Any and all Documents, and communications made or received by the Plaintiff identified in the Automatic Disclosure, and or received by the plaintiff or to any of the witnesses identified by the Plaintiff in her Automatic Disclosure concerning her allegations in the complaint.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00001-207.

**Request 2**

Documents (excluding the Complaint herein) setting forth Plaintiff's version of events regarding the claims herein, including, by way of example only, any diary, journal, calendar, log, memoranda, notes or notebooks, letters and emails.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00001-207.

**Request 3**

Documents related to the assault of the plaintiff by one of her Social Services Clients on July 2019, including any reports of the assault, any investigations regarding the assault.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00035-48, JD00053-196, JD00201-207.

**Request 4**

Documents relating to the plaintiffs assignment to any department and or division withing the Department of Social Services that include description of job duties and actual job assignments.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00035-206.

**Request 5**

Documents related to her workers compensation claims including but not limited to applications for workers compensation benefits, any approvals and or denials for medical treatment submitted regarding her claims for workers compensation benefits, medical reports submitted in support of her application for workers compensation benefits, all independent medical examination reports submitted to the workers compensation board, records regarding approval or denial of benefits for loss of income, all Orders issued by the Workers Compensation Bord regarding her claim, etc.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff has already provided a Workers' Compensation authorization to Defendant's counsel.

**Request 6**

With regard to any workers compensation records of the plaintiff referred to in paragraphs 5 above which are in existence but are not physically in the possession or custody of the plaintiff or the plaintiff's attorney, but which are in the plaintiff's control, the defendant requests that the plaintiff execute Workers Compensation authorizations to allow the defendant to obtain and examine copies of said records.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff has already provided a Workers' Compensation authorization to Defendant's counsel.

**Request 7**

Any and all records regarding communications between the plaintiff and the Human Resources Department from the date of her injury on July 16, 2019 to the present concerning but not limited to the July 2019 attack, medical notes, leave of absence, alleged requests for accommodations, her use of entitlements and or benefits, use of leave entitlements etc.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00035-207.

**Request 8**

Any and all documents or records regarding the plaintiff's health insurance coverage provided by Nassau County including but not limited to eligibility for health insurance coverage, eligibility for health insurance coverage while on workers compensation, proof of health insurance coverage, notices of change in health insurance coverage, any notices that plaintiff was no longer eligible for health insurance coverage, any grievances regarding health insurance coverage, agreements for extension of health insurance coverage, etc.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00041, JD00053-54, JD00077-79, JD00201, JD00207.

**Request 9**

Any and all documents or records regarding any alleged request for reasonable accommodation made to any County representative.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00025-48, JD00055-196, JD00201-207.

**Request 10**

Any and all documents regarding plaintiff's remote work from November 2, 2019 through May 6, 2020, including but not limited request to work remote, approval to work remote, descriptions of assignments and supervisor, any evaluations of work assignments, etc.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00025-48, JD00055-196.

**Request 11**

Any and all documents or records regarding any complaints made alleging retaliation to any County official.

**Response:**

Plaintiff objects as this is overly broad and not reasonably tailored to lead to admissible evidence. Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00067-76.

**Request 12**

Any all documents or records regarding the plaintiff's communications with any third party including but not limited to CSEA representatives from the July 2019 attack to requests for accommodations, regarding her health insurance, regarding her use of leave entitlements; COVID protocols, return to work protocols, etc.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00041, JD00053-54, JD00077-78, JD00202, JD00207.

**Request 13**

Any writings, including but not limited to notes, statements, memoranda, reports or affidavits, prepared by or for, written by, or signed by CSEA representatives, witnesses or persons with knowledge of the facts and circumstances surrounding the events which are relevant to the subject matter of this lawsuit, including, but not limited to, any documents which discusses or relates to the events discussed in the Complaint filed by plaintiff in this action, including the requests for accommodations, the changes to health insurance coverage, and any alleged acts of discrimination and or retaliation.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00041, JD00053-54, JD00077-78, JD00201-202, JD00207.

**Request 14**

Documents substantiating, relating or referring to Plaintiff's allegations supporting Plaintiff's claims of discrimination and or retaliation.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00001-207.

**Request 15**

Documents relating to Plaintiff's communications with any current or former employee or representative of Defendants, at any time from January 1, 2017 through the present that relate to Plaintiff's claims and the defenses herein. This request for documents shall include, but not be limited to, all documents, tape recordings, writings, notes, records, reports, grievances, complaints, letters, memoranda, e-mails, text messages, instant messages and postings on any and all social networking websites or weblogs/blogs, etc.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00001-206.

**Request 16**

Any or all documentation that demonstrates the plaintiff's earned income including but not limited to tax returns, W-2 forms, and any insurance payment for loss of income. If Plaintiff does not possess all such documents, identify the documents that contain said information and provide executed authorizations that permit the defendants to receive said documentation.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00049-50, JD00082, JD00197-200.

**Request 17**

Any and all documents Plaintiff received from or provided to the Equal Employment Opportunity Commission, the New York State Division of Human Rights or any other human rights commission or agency, including, but not limited to, any charges or complaints of discrimination Plaintiff has alleged against Nassau County and all supporting documents submitted in support of charges and complaints of discrimination and retaliation filed with these agencies.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00083-196.

**Request 18**

Provide copies of all medical records, hospital records, surgical records, mental health records, x-rays, pathology materials, including but not limited to, slides and other tissue samples,

prescription records, and /or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda related to all of the plaintiff's alleged physical, medical or mental conditions, illnesses for disabilities, and treatment thereof, including, but not limited to, those records created by doctors, nurses, practitioners, chiropractors, hospitals, clinics, institutions or other health or accident insurers.

If the plaintiff does not have possession or custody of the records, defendant requests that plaintiff execute HIPPA compliant authorizations to obtain and examine copies of said records. Said release shall also provide for the release of all treatment records and session notes of any mental health professional.

**Response:**

Plaintiff objects as the request is overly broad and not reasonably tailored to lead to admissible evidence. Plaintiff also objects because Plaintiff has already provided a Workers' Compensation authorization to Defendant's counsel.

**Request 19**

Any writings, including but not limited to notes, statements, memoranda, reports or affidavits, prepared by or for, written by, or signed by witnesses or persons with knowledge of the facts and circumstances surrounding the events which are relevant to the subject matter of this lawsuit, including, but not limited to, any documents which discusses or relates to the events discussed in the Complaint filed by plaintiff in this action, including the alleged acts of discrimination and or retaliation.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD0001-81.

**Request 20**

Documents relating to any notice of claim Plaintiff served upon the Defendant in connection with the claims asserted in this action.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff produces JD00156-160.

**Request 21**

Any and all documents concerning any efforts Plaintiff has made to mitigate her alleged damages including but not limited to plaintiff's efforts that seek employment other than with the County including but not limited to copy of the plaintiff's resume, communications with potential employers, offers of employment, and job descriptions, etc.

**Response:**

Subject to and without waiver of the foregoing objections or any General Objections, Plaintiff is a current employee and has no responsive documents.

Dated: Garden City, New York
April 2, 2025

*/s/ James Vagnini*
James Vagnini, Esq.
jav@vkv.law
Brendan Carman, Esq.
bcarman@vkv.law
**Valli Kane & Vagnini LLP**
600 Old Country Road, Ste. 519
Garden City, New York 11530
(516) 203-7180 (phone)
(516) 706-0248 (fax)

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMIE DOMROE,<br><br>Plaintiff,<br><br>v.<br><br>NASSAU COUNTY,<br><br>Defendant. | Index No. 2:24-CV-6545<br><br>**Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories** |

Plaintiff Jamie Domroe ("Plaintiff"), by and through her attorneys Valli Kane & Vagnini LLP, hereby serves the following objections and responses to Defendant's First Set of Interrogatories.

**PRELIMINARY STATEMENT**

These disclosures are based upon information reasonably available to Plaintiff as of the date hereof. By making these disclosures, Plaintiff does not represent that she has identified all witnesses, information, documents, and other materials responsive to the Interrogatories. Rather, Plaintiff's responses represent a good faith effort to identify such relevant, responsive, and non-privileged information, subject to the comments, qualifications, and general and specific objections set forth below. Plaintiff's investigation is ongoing, and she may learn of additional relevant, responsive, and non-privileged information and documents. So, Plaintiff reserves the right to supplement these responses.

**COMMENTS AND QUALIFICATIONS TO PLAINTIFF'S RESPONSES**

1. Plaintiff reserves the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility, or any other proper ground, to the use of any of the information or documents produced or any information or documents that may be produced in

response to these requests, for any purpose, in any subsequent step or proceeding in this action or any other action.

2. Plaintiff reserves the right to object at any time to other interrogatories or other discovery procedures involving or relating to the scope or subject matter of the Interrogatories herein.

3. Plaintiff reserves the right at any time to revise, add to, correct, or clarify any of the answers or objections made in response to these requests. Plaintiff also reserves the right to supplement, modify, or amend these responses, as needed, based upon her continuing search for responsive information.

4. Plaintiff reserves the right to object at any time to a demand for further responses to these requests.

5. In responding to the Interrogatories, Plaintiff does not waive nor intend to waive any privilege or immunity that would entitle her to refuse to produce certain information or to object to such information's use for any purpose, including but not limited to the attorney-client privilege, the work product doctrine, the trial preparation doctrine, or the self-critical analysis privilege.

6. By responding to these requests, Plaintiff does not concede the relevance, materiality, or admissibility of any specific request, any of its responses, any information provided, or any document produced, including all information contained therein.

**GENERAL OBJECTIONS TO INTERROGATORIES**

1. Plaintiff objects to any interrogatory to the extent it imposes obligations beyond what is required under the Federal Rules of Civil Procedure ("FRCP"). Plaintiff will respond to each interrogatory in accordance with the FRCP and will not respond to the extent that any

interrogatory seeks information or imposes obligations beyond the requirements of the FRCP or any applicable Court order.

2. Plaintiff objects to any interrogatory that calls for a legal conclusion, seeks to intrude upon Plaintiff's litigation or trial strategy, or seeks documents or information that are protected from disclosure by any privilege, protection, or immunity, including but not limited to the attorney-client privilege, work-product doctrine, and self-critical analysis privilege. Plaintiff will not produce any document or information which is so protected. Any production of such documents, information or material is inadvertent and shall not be deemed a waiver by Plaintiff.

3. Plaintiff objects to any interrogatory to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to any interrogatory to the extent that it is overbroad, excessive, or imposes an undue burden upon Plaintiff.

5. Plaintiff objects to any interrogatory to the extent that it is vague or ambiguous.

6. Plaintiff objects to any interrogatory to the extent that it seeks responses that could have been sought via timely notice of depositions.

7. Plaintiff reserves the right to supplement these responses if warranted based on her continuing investigation and discovery.

8. Plaintiff incorporates each of the foregoing Comments and Qualifications and General Objections into each of Plaintiff's responses below. The production of documents or information and the listing of certain specific objections shall not be deemed a waiver of these Comments and Qualifications and General Objections, all of which are preserved.

Notwithstanding the foregoing Comments and Qualifications and General Objections, and without waiving any of them, Plaintiff responds to Defendant's Interrogatories as set forth below.

## I. Interrogatories: Responses and Specific Objections

**Interrogatory 1**

Identify the names, address and telephone numbers of persons the Plaintiff believes has knowledge of any facts relating to Plaintiff's claims as set forth in the Complaint and or likely to have discoverable information and provide a summary of the facts or information in each person's possession concerning the allegations in the complaint.

**Response:**

Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Plaintiff. C/o Valli Kane & Vagnini LLP. Plaintiff is employed by Defendant as a social worker and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.
- Jeanne Vassel. Contact information is in the possession, custody, and control of Defendant. Upon information and belief, Vassel works for Defendant and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.
- Constance Kenton. Contact information is in the possession, custody, and control of Defendant. Kenton works for Defendant as an EEO Representative and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.
- Karen Tejada. Contact information is in the possession, custody, and control of Defendant. Tejada works for Defendant as an Administrative Assistant and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.
- Dr. Christina Vaglica. 212 5th Avenue, Bay Shore NY 11706; (917) 864-7560. Dr. Vaglica is Plaintiff's psychiatrist and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.
- Bernice Jackson. 680 Route 211, Suite 3B (367), Middletown, NY 10941; (845) 409-0448. Jackson is Plaintiff's psychiatric nurse practitioner and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.
- Dr. Peter Passias. 761 Merrick Avenue, Westbury NY 11590; 888-444-6974. Dr. Passias is Plaintiff's former physician and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

- Alexa Forman, DNP. 761 Merrick Avenue, Westbury NY 11590; 888-444-6974. Dr. Forman is Plaintiff's nurse practitioner and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

- Ron Gurrieri. 400 County Seat Drive, Mineola NY 11501; (516) 464-2732. Gurrieri is the President of the CSEA Local 830 has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

- Patrick Naglieri. 631-462-0030. Naglieri is a CSEA Labor Relations Specialist and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

- John Aloisio. 400 County Seat Drive, Mineola NY 11501; (516) 464-2732 x121. Aloisio holds a position with CSEA and has knowledge regarding the status of Plaintiff's employment.

- Kris Kalender. 400 County Seat Drive, Mineola NY 11501; (516) 464-2732 x127. Kalendar is a Vice President of the CSEA and knowledge regarding Plaintiff's health insurance coverage.

- Yvette Gaynor. 400 County Seat Drive, Mineola NY 11501; (516)-464-2732 x111. Gaynor holds a position with CSEA and has knowledge regarding Plaintiffs' October 2020 request for accommodation.

- Yehuda Kamenetsky. Contact information is in the possession, custody, and control of Defendant. Kamenetsky is a County Executive Assistant for Bruce Blakeman. He has knowledge regarding Plaintiff's health insurance coverage.

- Vanessa Norman Harris. Contact information is in the possession, custody, and control of Defendant. Upon information and belief, she works for Defendant in the Department of Social Services. She has knowledge regarding Plaintiff's job duties.

- Jamie Haruthunian. Contact information is in the possession, custody, and control of Defendant. Haruthunian works for Defendant as the Director of Emergency Housing, Nassau County Department of Social Services and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

- Marisa Howard. Contact information is in the possession, custody, and control of Defendant. Howard works for Defendant as the Manager of Human Resources, Central HR and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

- Mary Osterman. Contact information is in the possession, custody, and control of Defendant. Osterman works for Defendant as the Director of EEOC for the Nassau County Government and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

- Thomas Bergman. Contact information is in the possession, custody, and control of Defendant. Bergman works for Defendant in the Comptroller's Office, Health Benefits Department, and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

- Lorraine Baum. Contact information is in the possession, custody, and control of Defendant. Baum worked for Defendant in the Department of Social Services and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

- Tawana Turner. Contact information is in the possession, custody, and control of Defendant. Turner worked for Defendant as a Director of Systems Support Technology. She has knowledge regarding Plaintiff's remote work.

- Maria Rodriguez. 516-965-7433. Rodriguez works for Defendant in the Department of Social Services and has knowledge regarding Plaintiff's claims asserted in the Complaint and Defendant's defenses.

**Interrogatory 2**

Identify each and every person, other than counsel, with whom Plaintiff discussed her claims of discrimination, retaliation, or any other complaint relating to her employment with Nassau County, at any time.

**Response:**

Plaintiff objects because this interrogatory is overbroad, as it seeks information on "any other complaint relating to her employment with Nassau County, at any time." This seemingly applies to complaints that are entirely unrelated to the claims at issue here. For example, if Plaintiff had complained about Defendant's parking availability for work in December 2006, this Interrogatory would apply. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Judy and Donald Birnbaum (parents). 2108 Dolphin Ct. Merrick, NY 11566; 516-672-1776
- Jennifer Zolot (sister). 2921 Harbor Road, Merrick, NY 11566; 516-521-7900
- Maria Rodriguez. 516-965-7433

- Jordan Domroe (husband)

**Interrogatory 3**

State with particularity the nature, basis, amount, and manner of computation of all monetary or other relief that Plaintiff is seeking upon her claims; identify each and every document which reflects or relates to the information requested in this Interrogatory.

**Response:**

Plaintiff objects as she is unable to answer this Interrogatory without further discovery from Defendant. Plaintiff also objects as this interrogatory seeks to intrude upon Plaintiff's litigation and trial strategy and/or seeks documents protected from disclosure by attorney-client privilege, work-product doctrine, and any other privilege, protection, or immunity recognized in statute or at common law. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Back pay
- Front pay
- Emotional damages
- Any other economic damages resulting from Defendant's conduct
- Interest
- Attorneys' fees and costs

Plaintiff reserves the right to supplement this answer.

**Interrogatory 4**

Identify the names, address and telephone numbers of every person including but not limited to coworkers, elected officials and staff, EEO representative, State and Federal agency investigators that Plaintiff discussed and or complained regarding the plaintiff's claims as set forth

in the Complaint and or likely to have discoverable information and provide a summary of the facts or information in each person's possession concerning the allegations in the complaint.

**Response:**

Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Glendora Young ; U.S. Equal Employment Opportunity Commission, New York District Office, 33 Whitehall Street, 5th Floor, New York, NY 10004-2112
- Refer to the response to Interrogatory 1.

**Interrogatory 5**

Identify the positions held by the plaintiff since commencing work with the Nassau County Department of Social Services to the present, job titles, divisions she was assigned to, description of duties, and actual job duties, and names of supervisors.

**Response:**

Plaintiff objects as this interrogatory seeks information already in Defendant's possession. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- **Community Services Representative** (2005-2017). Assisted clients in need of services pertaining to Public Assistance, Medicaid Food Stamps, Child Support, Drug and Alcohol Support, and Mental Health. Identify needs and advise families how they may obtain facilities, programs and services. Daily intake of approximately 600 clients, referring these individuals to the appropriate areas by which various services may be rendered. Supervisors: Liliana Estrada, Karen Garber, Barbara Stevens, Patricia Johnson.
- **Psychiatric Social Worker I OHCD** (2017 – present). Provide psychiatric case work, assessments and counseling services to homeless social services recipients to provide support and connect them with other treatment providers as part of the multidisciplinary treatment team within the department of OHCD. Assist in the process of locating permanent housing for these individuals. Supervisors: Jamie Haruthinian; Katie Swanson; Lorraine Baum

**Interrogatory 6**

As alleged in paragraph 27 of the complaint, identify all medical professionals that treated plaintiff for her "physical and mental injuries". List the name of medical professional, address, phone number, the reason seeing the medical professional, and dates of treatment. Medical professional includes but is not limited to doctors, nurse practitioners, psychiatrists, psychologists, licensed social workers, physical therapists, occupational therapists, clinics, hospital, and or urgent care providers.

**Response:**

Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

1 • Dr. Christina Vaglica. 212 5th Avenue, Bay Shore NY 11706; (917) 864-7560. Dr. Vaglica is Plaintiff's psychiatrist.

2 • Bernice Jackson. 680 Route 211, Suite 3B (367), Middletown, NY 10941; (845) 409-0448. Jackson is Plaintiff's psychiatric nurse practitioner.

3 • Dr. Peter Passias. 761 Merrick Avenue, Westbury NY 11590; 888-444-6974. Dr. Passias is Plaintiff's former physician.

4 • Alexa Forman, DNP. 761 Merrick Avenue, Westbury NY 11590; 888-444-6974. Dr. Forman is Plaintiff's nurse practitioner.

5 • Dr. Teresa Bianchi, D.O. Optum Medical Care P.C., 575 Underhill Blvd. Suite 200, Syosset, NY 11791. Dr. Bianchi is Plaintiff's pain management provider.

6 • Dr. Luis Alejo. Total Orthopedics and Sports Medicine. 115 Eileen Way, Syosset NY 11791; (855) 321-6784. Dr. Alejo was Plaintiff's psychiatrist.

7 • Dr. Aristide Burducea, D.O. Total Orthopedics and Sports Medicine. 115 Eileen Way, Syosset NY 11791; (855) 321-6784. Dr. Burducea was Plaintiff's pain management provider.

8 • Dr. Vadim Lerman, D.O. Total Orthopedics and Sports Medicine. 115 Eileen Way, Syosset NY 11791; (855) 321-6784. Dr. Lerman was Plaintiff's spinal surgeon.

9 • Elizabeth Monge. Behavioral Medicine Associates, 310 E. Shore Road, Suite 100, Great Neck, NY 11023. Ms. Monge was Plaintiff's therapist.

10 • Dr. Pamela Pierce. LiefeStance Health, 1399 Franklin Avenue, Garden City, NY 11530; (855) 903-2381. Dr. Pierce was Plaintiff's psychologist.

11 • Dr. Bonnie Jo Woods. 8616 Main St., Williamsville, NY 14221; (716) 226-3079. Dr. Woods was Plaintiff's psychologist.

**Interrogatory 7**

Identify all documents that the plaintiff provided to support her request to work remotely as alleged in paragraph 30.

**Response:**

Plaintiff objects as this seeks information already in Defendant's possession and seeks information more properly obtained through other discovery methods such as document requests. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Request for Reasonable Accommodation form submitted by Plaintiff and approved by Defendant on November 4, 2020.
- Request for Reasonable Accommodation form submitted by Plaintiff and approved by Defendant on February 9, 2021.
- Request for Reasonable Accommodation form submitted by Plaintiff and approved by Defendant on April 16, 2021.

**Interrogatory 8**

Identify that while working remote as alleged in paragraph 30 of the complaint, the division where plaintiff was assigned to work, description of duties, actual duties performed, name of supervisor, any records used to verify work performed by plaintiff ; manner plaintiff was required to record actual hours worked, the number of hours worked per day and total hours worked per week.

**Response:**

Plaintiff objects as this seeks information already in Defendant's possession. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Plaintiff worked in Defendant's Department of Social Services. She held the same job description and same job duties as she had before she started working remotely. Her supervisors at the time were Jamie Haruthunian and Lorraine Baum. She used the People Soft program and time sheets to record her hours worked. She worked the same number of hours per day as she did before she started working remotely.

**Interrogatory 9**

Identify all periods that the plaintiff was disabled and unable to work due to a disability from the period of June 2019 to present.

**Response:**

Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Plaintiff understands this interrogatory to ask when Plaintiff was on PTO or Workers' Compensation leave because of the July 16, 2019 attack. Accordingly, Plaintiff states that she was on PTO and/or Workers' Compensation leave following the attack and until November 2, 2020.

- Plaintiff then worked remotely and successfully performed the essential functions of her job from November 2, 2020 through May 6, 2021.

- Plaintiff again returned to PTO and/or Workers' Compensation leave May 10, 2021, to undergo surgery on her cervical spine because of injuries sustained during the 2019 attack. Per her October 28, 2021 letter from Dr. Vaglica, Plaintiff was ready to return to work on a remote basis as of December 2021, but Defendant denied Plaintiff's requests to work remotely. Plaintiff remained able to work since this time and continued to seek an accommodation for her disability, but Defendant repeatedly failed to engage in the interactive process or provide any communication regarding their decision to accommodate or not.

**Interrogatory 10**

As alleged in paragraph 38, identify the documentation that the plaintiff alleged to support her request to work remote in November 2021, and any documentation regarding the communications regarding the alleged request for accommodation.

**Response:**

Plaintiff objects as this information is already in Defendant's possession. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Emails between Plaintiff and Karen Tejada on October 22, 25, and November 9, 2021.
- October 26, 2021 letter from Dr. Christina Vaglica.

**Interrogatory 11**

Identify all documents submitted allegedly to request an accommodation on January 28, 2022, April 2022, and May 26 2022, include the date the request made, the manner in which the request was made, who the request was directed to, and the documentation that was submitted in support of the request.

**Response:**

Plaintiff objects as this information is already in Defendant's possession. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- January 28, 2022 email from Plaintiff to Karen Tejada, attaching January 26, 2022 letter from Dr. Peter G. Passias
- April 20, 2022 email from Plaintiff to Karen Tejada, attaching April 15, 2022 letter from Dr. Christina Vaglica

- May 26, 2022 emails from Plaintiff's counsel, James Vagnini, to Defendant's counsel, Susan Tokarski.

**Interrogatory 12**

Identify all equipment provided to plaintiff to work remotely as alleged in paragraph 47 of the complaint. Provide the type of equipment, list manufacturer and model number, and provide the current location of the equipment.

**Response:**

Plaintiff objects as this information is already in Defendant's possession. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Defendant provided to Plaintiff a Dell Latitude 5400 Laptop computer. The bar code sticker on the laptop reads "Property of Nassau County C89784." Defendant's Nassau County Systems Support also provided Plaintiff with a Kyocera cell phone. Plaintiff currently has the laptop and cell phone in her possession.

**Interrogatory 13**

Identify all notices, memos, emails or other documentation that supports the allegation in paragraph 47 that "Plaintiff's department is still not required to meet client in person and are performing all their duties via telephone and email". Identify the date of the documentation, the originator of the documentation, and subject of the documentation.

**Response:**

Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Plaintiff does not have any responsive documentation.

**Interrogatory 14**

Identify all documentation and communications received by plaintiff regarding health insurance coverage in 2022, include the date of the communication, who it was from.

**Response:**

Plaintiff objects as this interrogatory seeks information more properly obtained through document requests and seeks information already in Defendant's possession. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- July 30, 2020 partially signed stipulation between Chrisopher A. Nicolino, Ron Gurrieri, Patrick Naglieri, and Plaintiff.
- June 20, 2022 voicemail from Ron Gurrieri.
- June 21, 2022 partially signed stipulation between Office of Labor Relations, Ron Gurrieri, Patrick Naglieri, and Plaintiff.
- Undated stipulation between Office of Labor Relations, Ron Gurrieri, Patrick Naglieri, and Plaintiff.

**Interrogatory 15**

Identify all documentation that states the plaintiff was entitled to continued health insurance coverage as alleged in paragraphs 56 and 57 of the complaint. Identify the document, the date of the document, the page number and paragraph number.

**Response:**

Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Refer to response to Interrogatory 14.

**Interrogatory 16**

Identify all applications for disability benefits following the plaintiff's injuries in 2019 from Workers Compensation, Social Security, NYS Retirement system, and or any insurance carrier. Include the name of the agency or carrier, the date the request was made, the documents submitted in the request and any response received in the request.

**Response:**

Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Plaintiff is receiving Workers' Compensation and Social Security benefits.

**Interrogatory 17**

List any and all documents including, but not limited to, texts, instant messages, voice mails, statements, affidavits, notes, memoranda, calendars, letters, diaries, social media postings, recording possessed or obtained by the plaintiff which relate to her claims alleged in the complaint.

**Response:**

Plaintiff objects as this interrogatory seeks information more properly obtained through document requests. Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Refer to documents produced in response to Defendant's First Request for the Production of Documents.

**Interrogatory 18**

Identify each and every person who participated in the preparation of responses to Defendants' First Set of Interrogatories to Plaintiff.

**Response:**

Subject to and without waiver of any of the foregoing objections or any General Objection, Plaintiff states the following:

- Jamie Domroe

Dated: Garden City, New York
April 1, 2025

*/s/ James Vagnini*
James Vagnini, Esq.
jav@vkv.law
Brendan Carman, Esq.
bcarman@vkv.law
**Valli Kane & Vagnini LLP**
600 Old Country Road, Ste. 519
Garden City, New York 11530
(516) 203-7180 (phone)
(516) 706-0248 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMIE DOMROE,<br><br>Plaintiff,<br><br>v.<br><br>NASSAU COUNTY,<br><br>Defendant. | Index No. 2:24-CV-6545<br><br>**Verification** |

I, Jamie Domroe, being duly sworn, state under penalty of perjury as follows:

I have read and reviewed the foregoing substantive responses in Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories, and to my knowledge they are true. This verification does not extend to the foregoing objections, which are made by my counsel.

Dated: Garden City, New York
April 2, 2025

Jamie Domroe
Jamie Domroe

Sworn to before me this 2nd day of April, 2025.

Notary Public

James Vagnini
Notary Public, State of New York
No. 02VA6081761
Qualified in Nassau County
Commission Expires 01/25/2027

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X Case No. 24-cv-06545 (SJB)(LGD)
JAMIE DOMROE,

Plaintiff,

-against-

NASSAU COUNTY,

Defendant.
-----------------------------------------------------------------X

**DEFENDANT'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26(b) and 34(a)(1) of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendant, NASSAU COUNTY, by its attorneys, BEE READY LAW GROUP, LLP, requests that the Plaintiff, Jamie Domroe, produce the following at the office of Defendant's counsel:

## DEFINITIONS

For the purpose of complying with this Request, the following definitions shall apply:

*Communication*. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

*Document*. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1)(A), including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

*Identify (with respect to persons)*. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to

a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in respect to subsequent discovery requesting the identification of that person.

*Identify (with respect to documents)*. When referring to documents "to identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document; (iv) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the documents, together with the identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

*Parties*. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

*Person*. The term "person" is defined as any natural person or any legal entity, including, without limit, any business or governmental entity or association.

*Concerning*. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

*Complaint*. The term "Complaint" means the complaint filed in the above-captioned matter, dated September 17, 2024.

**RULES OF CONSTRUCTION**

For the purpose of complying with this Request, the following rules of construction shall apply:

*All/Any/Each*. The terms of "all," "any," and "each" must each be construed as encompassing any and all.

*And/Or*. The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

*Number*. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

(A) Each request for documents contemplates production of the requested documents in full, without deletion, redaction, abbreviation, or expurgation.

(B) All requests for the production of documents shall be construed to include any additional documents responsive to these requests which are discovered or produced after the date of production.

(C) If the Plaintiff or her counsel believes that any of the requested documents contain privileged information, assert why the document(s) will not be produced, including:

(1) the author(s) of the documents(s);

(2) the name of the person(s) to whom the documents(s) was (were) delivered or addressed, including indicated or blind copy recipients;

(3) the date of the document(s);

(4) the present location and custodian of the document(s); and

(5) a description of the subject matter thereof, and any attachment or appendices, and the number of pages.

(D) In the event that any document called for by this request has been destroyed, discarded, or otherwise disposed of, that document is to be identified as completely as possible, including without limitation, the following information:

(1) the author(s) of the document(s);

(2) the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients;

(3) the date of the document(s);

(4) the date and manner of disposal of the document(s);

(5) the reason(s) for and person(s) authorizing the disposal;

(6) the person(s) disposing of the document(s); and

(7) a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

**DOCUMENTS TO BE PRODUCED**

1. All documents concerning Plaintiff's application(s) for and receipt of Social Security disability benefits, including but not limited to application(s) submitted by Plaintiff, communications between Plaintiff and the Social Security Administration, reports of physical and psychological/psychiatric exams conducted concerning Plaintiff's application for Social Security Disability benefits, decision(s) issued by the Social Security Administration concerning Plaintiff's application(s) for Social Security disability benefits, and documents concerning the monetary amounts Plaintiff and/or her spouse and/or children have received pursuant to her application(s) for Social Security disability benefits.

2. A duly executed authorization to obtain records maintained by the Social Security Administration concerning Plaintiff, including records concerning Plaintiff's application(s) for and receipt of Social Security Disability benefits on behalf of herself personally, and/or her spouse and children. *See* attached Exhibit "A".

3. All documents concerning Plaintiff's application(s) for and receipt of Medicare benefits, including but not limited to application(s) submitted by Plaintiff, communications between Plaintiff and Medicare, and statements concerning benefits and explanation of benefits.

4. A duly executed authorization to obtain records maintained by Medicare concerning Plaintiff, including records pertaining to Plaintiff's application(s) for and receipt of Medicare benefits. *See* attached Exhibit "B".

5. All documents concerning Plaintiff's, her spouse's and/or her children's membership in Liberty Health Share, including but not limited to application(s), communications among Plaintiff, her spouse and/or children and Liberty Health Share, and documents reflecting Liberty Health Share's reimbursement of medical costs and expenses on behalf of Plaintiff, her spouse, and/or her children.

6. A duly executed authorization to obtain records maintained by Liberty Health Share concerning Plaintiff, her spouse, and/or her children, including but not limited to records pertaining to membership application(s) made on their behalf, Liberty Health Share's reimbursement of medical costs and expenses on their behalf, and statements concerning benefits and explanation of benefits.

7. Duly executed authorization(s) for records of any health insurance carrier regarding individual and/or family health insurance coverage that Plaintiff obtained effective as of September 1, 2022 to date.

8. Duly executed authorization(s) for records of any health share program in which Plaintiff, her spouse, and/or her children participated to obtain reimbursement of their medical costs and expenses as of September 1, 2022 to date.

9. Duly executed authorizations for all medical professionals identified in Plaintiff's Response to Interrogatory 6 of Defendant's First Set of Interrogatories and for all other medical professionals who: (i) treated Plaintiff for the emotional damages/emotional distress damages she

claims to have sustained, as alleged in the Complaint; and (ii) who treated and/or examined Plaintiff in connection with her ability to return to work.

Dated: Mineola, New York
June 30, 2026

Yours, etc.,

Catherine V. Battle

Catherine V. Battle
Bee Ready Law Group, LLP
*Attorneys for Defendant*
170 Old Country Road, Suite 200
Mineola, New York 11501
Tel No.: (516) 746-5599
Fax No.: (516) 746-1045
cbattle@beereadylaw.com

TO: James A. Vagnini, Esq.
Valli Kane & Vagnini LLP
*Attorneys for Plaintiff*
600 Old Country Road, Suite 519
Garden City, NY 11530
(516) 203-7170
jav@vkv.law

# EXHIBIT A

# Consent for Release of Information

## Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). You may complete this form to release only the minor's non-medical records if you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child. We require proof of relationship if you are not the subject of the record. We may charge a fee for providing the information if you are requesting the information for a purpose unrelated to the administration of a program under the Social Security Act. If you are requesting information, such as a Social Security Statement or benefit verification letter, you can also access this information by creating an account at https://www.ssa.gov/myaccount/.

**NOTE: Do NOT use this form to request:**

- **The release of a minor child's medical records. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or**
- **Detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.**

## How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

- Fill in the name, date of birth, and Social Security number of the subject of the record.
- Fill in the name and address of the person or organization of where you want us to send the requested information.
- Specify the reason you want us to release the information (e.g., litigation, investigation, determining eligibility for benefits). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child or legally incompetent adult, you must state how the release of information is in the best interest of the minor child or legally incompetent adult.
- Check the box next to the type(s) of information you want us to release including specific date ranges, where applicable.

**NOTE:** Unless otherwise specified, the consent form is valid for one-time use only. Also, it is valid for one year from the date of signature, unless you are requesting medical records. A consent form that includes a request for medical records is valid for 90 days from the date of signature.

Send or bring the completed form to the subject of the record's local servicing office. To locate the appropriate servicing office, visit https://secure.ssa.gov/ICON/main.jsp, and input the subject of the record's ZIP code.

## Consent for Release of Information

You must complete all required fields. We will not honor your request unless all required fields are completed. *(*Signifies a required field. **These are not mandatory fields for the consent form to be acceptable. Please complete these fields in case we need to contact you about the consent form.)*

**TO: Social Security Administration**

| *Full Name | *Date of Birth (MM/DD/YYYY) | *Full Social Security Number |
|---|---|---|
| Jamie Domroe | [redacted] | [redacted] |

I authorize the Social Security Administration to release information or records about me to:

| *NAME OF PERSON OR ORGANIZATION: | *ADDRESS OF PERSON OR ORGANIZATION: ** PHONE NUMBER OF PERSON OR ORGANIZATION: |
|---|---|
| Catherine V. Battle, Esq. | 170 Old Country Road, Suite 200 |
| Bee Ready Law Group, LLP | Mineola, New York 11501 |
| | (516) 746-5599 |

***I want this information released because:**
We may charge a fee to release information for non-program purposes.

Party to ongoing litigation- Jamie Domroe v. Nassau County - 24-cv-06545 (US Dist Ct, EDNY)

***Please release the following information selected from the list below:**
Check at least one box. If requesting medical records, do not check both boxes 7 and 8. We will not disclose records unless you include specific date ranges where applicable.

1. ☒ Verification of Social Security number
2. ☒ Current monthly Social Security benefit amount
3. ☒ Current monthly Supplemental Security Income payment amount
4. ☒ Social Security benefit amounts from date 7/16/2019 to date 05/31/2026
5. ☒ Supplemental Security Income payment amounts from date 7/16/2019 to date 05/31/2026
6. ☒ Medicare entitlement from date 7/16/2019 to date 05/31/2026
7. ☐ Medical records from date ________ to date ________
8. ☒ Complete medical records
9. ☐ Other Social Security record(s) (We will not honor a request for "any and all records" or "the entire file." You must specify which records you are seeking. For example, award/denial notices, benefit applications, appeals.)

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 U.S.C. § 1746) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeks or obtains access to records about another person under false pretenses is punishable by a fine of up to $5,000.**

***Signature:** ________ ***Date:** ________

****Address:** 30 Fairway Court, Roslyn Harbor, NY 11576 ****Daytime Phone:** 516-314-9857

****Relationship (if not the subject of the record):** ________ ****Daytime Phone:** ________

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of witness | 2. Signature of witness |
|---|---|
| Address (Number and street, City, State, and ZIP Code) | Address (Number and street, City, State, and ZIP Code) |

## Privacy Act Statement
## Collection and Use of Personal Information

The Privacy Act (5 U.S.C. § 552a) and Section 205(a) of the Social Security Act, as amended, allow us to collect this information. Furnishing us this information is voluntary. However, failing to provide all or part of the information may prevent us from honoring the request to release information or records about you. We will use the information you provide to respond to the request for Social Security Administration (SSA) records. We may share the information for the following purposes, called routine uses:

- To contractors and other Federal agencies, as necessary, for the purpose of assisting SSA in the efficient administration of its programs.

In addition, we may share this information in accordance with the Privacy Act and other Federal laws. For example, where authorized, we may use and disclose this information in computer matching programs, in which our records are compared with other records to establish or verify a person's eligibility for Federal benefit programs and for repayment of incorrect or delinquent debts under these programs.

A list of additional routine uses is available in our Privacy Act System of Records Notices (SORN) 60-0089, entitled Claims Folders System, as published in the Federal Register (FR) on April 1, 2003, at 68 FR 15784; 60-0320, entitled Electronic Disability Claim File, as published in the FR on December 22, 2003, at 68 FR 71210; and 60-0340, entitled FOIA and Privacy Act Record Request and Appeal System, as published in the FR on July 13, 2016, at 81 FR 45352. Additional information, and a full listing of all our SORNs, is available on our website at www.ssa.gov/privacy.

## Paperwork Reduction Act Statement

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 5 minutes to read the instructions, gather the facts, and answer the questions. You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. ***Send only comments relating to our time estimate to this address, not the completed form.***

# EXHIBIT B

Medicare

# Authorization to Disclose Personal Health Information Release Form

Use this form to give 1-800-MEDICARE permission to share your personal health information with someone other than you.

You can also use this form to get information for someone who is deceased (if you legally have the right to that information because you're an Executor, or you have court documents giving you rights to that information.)

> By law, you must give 1-800-MEDICARE permission in writing before 1-800-MEDICARE can share any information with someone other than you. For the full list of how 1-800-MEDICARE uses your information, see the privacy notice in the *Medicare & You* handbook, or visit **Medicare.gov** and search for "privacy practices."

## Submit your form online or by mail

- For faster service, submit this form online by logging in to your secure **Medicare.gov** account.
- Or, mail your completed and signed authorization form to:

  1-800-MEDICARE Written Authorization Dept.
  PO Box 1270
  Lawrence, KS 66044

If you're requesting personal health information for a deceased person who had Medicare, include a copy of the legal documentation that gives you the authority to get this information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.)

## How to cancel your Authorization to Disclose

You have the right to change or cancel ("revoke") your authorization at any time. If you change your mind later and no longer want us to share your personal health information, write to the address above and tell us. Your letter will cancel your authorization form, and we'll no longer share your personal health information (except for any information we already released based on your original permission).

## Get help with this form

If you have questions or need help with this form, call us at 1-800-MEDICARE (1-800-633-4227). TTY users can call 1-877-486-2048.

## Get information in another format

You have the right to get Medicare information in an accessible format, like large print, braille, or audio. You also have the right to file a complaint if you feel you've been discriminated against. Visit **Medicare.gov/about-us/accessibility-nondiscrimination-notice**, or call 1-800-MEDICARE (1-800-633-4227) for more information. TTY users can call 1-877-486-2048.

---

**Paperwork Reduction Act:** According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0938-0930. The time required to complete this information collection is estimated to average 15 minutes per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn.: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850. **DO NOT MAIL YOUR COMPLETED FORM TO THIS ADDRESS. If you do, we won't be able to process your form, and your request to release your personal health information will be significantly delayed.**

U.S. Department of Health and Human Services
Centers for Medicare & Medicaid Services

Form Approved
OMB No. 0938-0930

# Authorization to Disclose Personal Health Information Release Form

Use this form to give 1-800-MEDICARE permission to share your personal health information with someone other than you. You can also use this form to get information for someone who is deceased (if you have legal right to that information because you're an Executor or have court documents giving you rights to that information.)

## Information about the person with Medicare

First name: Jamie Domroe
Middle name:
Last name:
Suffix:

Medicare Number: ____-___-____

Date of birth (mm/dd/yyyy): [redacted]

Mailing address (number and street, P.O. Box, or route): 30 Fairway Court

City: Roslyn Harbor
State: NY
ZIP code: 11576

Phone number: (516) 314-9857
Email address: Jamiedomroe@gmail.com

## Enter the name of each person or organization that can get your personal health information from 1-800-MEDICARE

To share with more than 2 people or organizations, list their name and address on the back of this form.

**Person/Organization 1** (full name): Catherine V. Battle, Esq., Bee Ready Law Group, LLP

Mailing address (number and street, P.O. Box, or route): 170 Old Country Road, Suite 200

City: Mineola
State: NY
ZIP code: 11501

**Person/Organization 2** (full name):

Mailing address (number and street, P.O. Box, or route):

City:
State:
ZIP code:

## Choose the information you want 1-800-MEDICARE to share.

**Check only one box:**

- ● Any information
- ○ Limited information

**If you selected "limited information," let us know the types of personal health information you want us to share. Check all that apply:**

- ○ Medicare eligibility
- ○ Medicare claims
- ○ Health & drug plan enrollment
- ○ Premium payments
- ○ Other (Write any other information you want shared below. For example, payment information):

_______________________________________________

**For New York Residents Only**

The New York State Public Health Law protects the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV. Do you give your permission to share this information?

● **Yes, I give 1-800-MEDICARE permission to share information** about alcohol and drug abuse, mental health treatment, or HIV.

○ **No, I DON'T give 1-800-MEDICARE permission to share information** about alcohol and drug abuse, mental health treatment, or HIV.

## How long can 1-800-MEDICARE use this authorization to share your personal health information*?

Check one:

● Share my personal health information **indefinitely**.

○ Share my personal health information only for this period of time:

Start date: __/____ End date: __/____

*Your state may have different limits on how long Medicare can share your personal health information.

**Explain why you're giving 1-800-MEDICARE permission to share your information.**
(You can write "At my request.")

Party to ongoing litigation - Jamie Domroe v. Nassau County - 24-cv-06545 (United States District Court, EDNY)

## Signature

By signing this form, I authorize 1-800-MEDICARE to share my personal health information listed above to the person(s) or organization(s) I named on this form. I understand that my personal health information may be shared by the person(s) or organization(s) and may no longer be protected by law.

| Signature | Date signed (mm/dd/yyyy) |
|---|---|
| | __/__/____ |

**Personal Representative Information**

○ Check here if you're signing as a personal representative and complete the fields below.

○ Attach a copy of the paperwork that shows you can act for the person (like a Power of Attorney).

| Personal representative's first name | Middle name | Last name | Suffix |
|---|---|---|---|
| | | | |

Mailing address (number and street, P.O. Box, or route)

| City | State | ZIP code |
|---|---|---|
| | | |

| Phone number | Relationship to the person with Medicare |
|---|---|
| ( ) - | |

## Submit your form online or by mail

- For faster service, submit this form online by logging in to your secure **Medicare.gov** account.
- Or, mail your completed and signed authorization form to:

  1-800-MEDICARE Written Authorization Dept.
  PO Box 1270
  Lawrence, KS 66044

If you're requesting personal health information for a deceased person who had Medicare, include a copy of the legal documentation that gives you the authority to get this information.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X Case No. 24-cv-06545 (SJB)(LGD)
JAMIE DOMROE,

Plaintiff,

-against-

**CERTIFICATE OF SERVICE**

NASSAU COUNTY,

Defendant.
-----------------------------------------------------------------X

I, the undersigned, certify as follows:

I am a citizen of the United States and am employed in the County of Nassau. I am over the age of eighteen years and I am not a party to this action. My business address is 170 Old County Road, Suite 200, Mineola, New York 11501. I am employed in the law office of Bee Ready Law Group, LLP, and at their direction on June 30, 2026, I served the within Defendant's Second Request for the Production of Documents on the parties in this action by placing true copies in an envelope addressed to all attorneys of record, addressed as follows:

James A. Vagnini, Esq.
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530

and by then sealing the envelope and depositing the same, with postage thereon fully prepaid, in the mail at 170 Old Country Road, Mineola, New York 11501.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 30, 2026, at 170 Old Country Road, Suite 200, Mineola, New York 11501.

Jennifer Ebert
Legal Assistant
Bee Ready Law Group, LLP
170 Old Country Road, Suite 200
Mineola, New York 11501
JEbert@beereadylaw.com
(516) 746-5599

| | |
|---|---|
| **From:** | Luz Arce |
| **To:** | Catherine Battle |
| **Cc:** | Brendan Carman; James Vagnini; Robert J. Valli, Jr |
| **Subject:** | Deposition Notices |
| **Date:** | Wednesday, July 8, 2026 2:45:45 PM |
| **Attachments:** | ATT00001.jpg<br>ATT00002.jpg<br>ATT00003.jpg<br>ATT00004.jpg<br>2026.07.08 - Notice of Deposition of KAREN TEJADA.pdf<br>2026.07.08 - Notice of Deposition of MARISA HOWARD.pdf<br>2026.07.08 - Notice of Deposition of Constance Kenton.pdf<br>2026.07.08 - Notice of Deposition of Jeanne Vassel.pdf<br>2026.07.08 - Notice of Deposition of JAMIE HARUTHUNIAN.pdf |

**[EXTERNAL]**

Good afternoon. See the attached Notices of Deposition being served.

--

**Luz M. Arce**
Paralegal

600 Old Country Road / Suite 519
Garden City, NY 11530
Toll Free: (866) 242-1593
Local: (516) 203-7180
www.vkvlawyers.com

**CONFIDENTIALITY NOTICE**

*This e-mail is intended only for the use of the addressee(s) named herein and may contain legally privileged attorney client communications and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. This communication was not intended or written to be used, and it cannot be used by any taxpayer, for the purpose of avoiding tax penalties. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Case No. 2:24-CV-6545

JAMIE DOMROE,

Plaintiff,

v.

NASSAU COUNTY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFF'S NOTICE OF DEPOSITION OF**

**JAMIE HARUTHUNIAN PURSUANT TO FED. R. CIV. P. 30**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Jamie Domroe, by and through her undersigned counsel, will take the deposition upon oral examination of Jamie Haruthunian, on August 18, 2026 at 10:00 a.m., or on such other date and at such other time and place as shall be mutually agreed upon by counsel or as the Court may order. The deposition will be taken at the offices of Valli Kane & Vagnini LLP, 600 Old Country Road, Suite 519, Garden City, New York 11530 (or at such other time and location, or method, such as by video conference, as shall be agreed upon by counsel), and will continue from day to day until completed.

The deposition will be recorded by video, audio, and stenographic means. The deposition may be used to preserve testimony for trial, to obtain discovery, and for any other purpose authorized by the Federal Rules of Civil Procedure.

Dated: July 8, 2026

By: /s/ Brendan Carman
Brendan Carman, Esq.
bcarman@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

By: */s/ James Vagnini*

James Vagnini, Esq.
jav@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, a copy of the foregoing was caused to be served by email on counsel of record.

Dated: July 8, 2026

By: */s/ Brendan Carman*
Brendan Carman, Esq.

By: */s/ James Vagnini*
James Vagnini, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMIE DOMROE,

Plaintiff,

v.

NASSAU COUNTY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 2:24-CV-6545

**PLAINTIFF'S NOTICE OF DEPOSITION OF**

**JEANNE VASSEL PURSUANT TO FED. R. CIV. P. 30**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Jamie Domroe, by and through her undersigned counsel, will take the deposition upon oral examination of Jeanne Vassel, on August 20, 2026 at 10:00 a.m., or on such other date and at such other time and place as shall be mutually agreed upon by counsel or as the Court may order. The deposition will be taken at the offices of Valli Kane & Vagnini LLP, 600 Old Country Road, Suite 519, Garden City, New York 11530 (or at such other time and location, or method, such as by video conference, as shall be agreed upon by counsel), and will continue from day to day until completed.

The deposition will be recorded by video, audio, and stenographic means. The deposition may be used to preserve testimony for trial, to obtain discovery, and for any other purpose authorized by the Federal Rules of Civil Procedure.

Dated: July 8, 2026

By: /s/ Brendan Carman

Brendan Carman, Esq.
bcarman@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

By: /s/ James Vagnini

James Vagnini, Esq.
jav@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, a copy of the foregoing was caused to be served by email on counsel of record.

Dated: July 8, 2026

By: /s/ Brendan Carman
Brendan Carman, Esq.

By: /s/ James Vagnini
James Vagnini, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 2:24-CV-6545

JAMIE DOMROE,

Plaintiff,

v.

NASSAU COUNTY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFF'S NOTICE OF DEPOSITION OF**

**KAREN TEJADA PURSUANT TO FED. R. CIV. P. 30**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Jamie Domroe, by and through her undersigned counsel, will take the deposition upon oral examination of Karen Tejada, on August 21, 2026 at 10:00 a.m., or on such other date and at such other time and place as shall be mutually agreed upon by counsel or as the Court may order. The deposition will be taken at the offices of Valli Kane & Vagnini LLP, 600 Old Country Road, Suite 519, Garden City, New York 11530 (or at such other time and location, or method, such as by video conference, as shall be agreed upon by counsel), and will continue from day to day until completed.

The deposition will be recorded by video, audio, and stenographic means. The deposition may be used to preserve testimony for trial, to obtain discovery, and for any other purpose authorized by the Federal Rules of Civil Procedure.

Dated: July 8, 2026

By: /s/ Brendan Carman

Brendan Carman, Esq.
bcarman@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

By: /s/ James Vagnini
James Vagnini, Esq.
jav@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, a copy of the foregoing was caused to be served by email on counsel of record.

Dated: July 8, 2026

By: /s/ Brendan Carman
Brendan Carman, Esq.

By: /s/ James Vagnini
James Vagnini, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 2:24-CV-6545

JAMIE DOMROE,

Plaintiff,

v.

NASSAU COUNTY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFF'S NOTICE OF DEPOSITION OF**

**CONSTANCE KENTON PURSUANT TO FED. R. CIV. P. 30**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Jamie Domroe, by and through her undersigned counsel, will take the deposition upon oral examination of Constance Kenton, on August 25, 2026 at 10:00 a.m., or on such other date and at such other time and place as shall be mutually agreed upon by counsel or as the Court may order. The deposition will be taken at the offices of Valli Kane & Vagnini LLP, 600 Old Country Road, Suite 519, Garden City, New York 11530 (or at such other time and location, or method, such as by video conference, as shall be agreed upon by counsel), and will continue from day to day until completed.

The deposition will be recorded by video, audio, and stenographic means. The deposition may be used to preserve testimony for trial, to obtain discovery, and for any other purpose authorized by the Federal Rules of Civil Procedure.

Dated: July 8, 2026

By: /s/ Brendan Carman

Brendan Carman, Esq.
bcarman@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

By: /s/ James Vagnini

James Vagnini, Esq.
jav@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, a copy of the foregoing was caused to be served by email on counsel of record.

Dated: July 8, 2026

By: /s/ Brendan Carman
Brendan Carman, Esq.

By: /s/ James Vagnini
James Vagnini, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Case No. 2:24-CV-6545

JAMIE DOMROE,

Plaintiff,

v.

NASSAU COUNTY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFF'S NOTICE OF DEPOSITION OF**

**MARISA HOWARD PURSUANT TO FED. R. CIV. P. 30**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Jamie Domroe, by and through her undersigned counsel, will take the deposition upon oral examination of Marisa Howard, on August 27, 2026 at 10:00 a.m., or on such other date and at such other time and place as shall be mutually agreed upon by counsel or as the Court may order. The deposition will be taken at the offices of Valli Kane & Vagnini LLP, 600 Old Country Road, Suite 519, Garden City, New York 11530 (or at such other time and location, or method, such as by video conference, as shall be agreed upon by counsel), and will continue from day to day until completed.

The deposition will be recorded by video, audio, and stenographic means. The deposition may be used to preserve testimony for trial, to obtain discovery, and for any other purpose authorized by the Federal Rules of Civil Procedure.

Dated: July 8, 2026

By: /s/ Brendan Carman
Brendan Carman, Esq.
bcarman@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

By: /s/ James Vagnini

James Vagnini, Esq.
jav@vkv.law
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: (516) 203-7180
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, a copy of the foregoing was caused to be served by email on counsel of record.

Dated: July 8, 2026

By: /s/ Brendan Carman
Brendan Carman, Esq.

By: /s/ James Vagnini
James Vagnini, Esq.

**From:** Catherine Battle
**To:** "Luz Arce"; James Vagnini; Brendan Carman
**Cc:** Kevin Simmons; Andrew Preston
**Subject:** RE: Deposition Notices
**Date:** Wednesday, July 15, 2026 11:26:00 AM
**Attachments:** image001.jpg
image002.jpg
image003.jpg
image004.jpg

---

Good morning,

This office does not at this time represent the individuals purportedly noticed for depositions in the five notices of deposition that you forwarded to our office in the case of *Jamie Domroe v. Nassau County*, 24-cv-06545 (SJB) (LGD). Accordingly, this office rejects and does not accept service of the notices of deposition that were purportedly served on their behalf. In addition, since none of the individuals named in the notices of deposition are parties to the instant action, the notices of deposition are inherently defective. Also, this office had not agreed to accept service of discovery papers by email. If your office wishes to exchange discovery papers by email, please forward a proposed Rule 5 agreement for my review.

As a professional courtesy, please be advised that the County Attorney's Office does accept service for County employees in pending litigation. With respect to individuals employed in the Department of Social Services ("DSS"), which is located in a secure building, any subpoenas may be provided to the County Attorney Bureau located at DSS. Below is information for the current work locations of the County employees named in the notices of deposition:

Jeanne Vassell: Department of Health, 200 County Seat Drive, Mineola, New York
Marissa Howard, One West Street, Mineola, New York
Jamie Harthunian, DSS, 60 Charles Lindbergh Blvd., Uniondale, New York
Karen Tejada, DSS, 60 Charles Lindbergh Blvd., Uniondale, New York
Constance Kenton, DSS, 60 Charles Lindbergh Blvd., Uniondale, New York

Catherine V. Battle, Esq.
Bee Ready Law Group, LLP
170 Old Country Road, Suite 200
Mineola, New York 11501
Tel: 516-746-5599
Fax: 516-746-1045

---

**From:** Luz Arce <larce@vkv.law>
**Sent:** Wednesday, July 8, 2026 2:43 PM
**To:** Catherine Battle <cbattle@beereadylaw.com>
**Cc:** Brendan Carman <bcarman@vkv.law>; James Vagnini <jav@vkv.law>; Robert J. Valli, Jr <rvalli@vkv.law>
**Subject:** Deposition Notices

[EXTERNAL]

Good afternoon. See the attached Notices of Deposition being served.

--

**Luz M. Arce**
Paralegal

600 Old Country Road / Suite 519

Garden City, NY 11530

Toll Free: (866) 242-1593

Local: (516) 203-7180
www.vkvlawyers.com

**CONFIDENTIALITY NOTICE**

*This e-mail is intended only for the use of the addressee(s) named herein and may contain legally privileged attorney client communications and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. This communication was not intended or written to be used, and it cannot be used by any taxpayer, for the purpose of avoiding tax penalties. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)*