PETER A. BEE*
RICHARD P. READY
WILLIAM C. DEWITT
ANDREW K. PRESTON**
STEPHEN L. MARTIR**

OF COUNSEL:
RHODA Y. ANDORS

* ALSO ADMITTED IN FL
** ALSO ADMITTED IN NJ

# BEE READY LAW GROUP, LLP

170 Old Country Road, Suite 200
Mineola, New York 11501
T. 516-746-5599 -- F. 516-746-1045
www.beereadylaw.com

ASSOCIATES:
THEODORE GORALSKI
JASON P. BERTUNA
**CHRISTOPHER J. NEUMANN
KEVIN SIMMONS
CATHERINE V. BATTLE

August 12, 2026

The Honorable Sanket J. Bulsara
District Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 930
Central Islip, NY 11722

***Re: Domroe v. Nassau County***
***Case No. 24-cv-06545 (SJB)(LGD)***

Dear Judge Bulsara:

This office represents Defendant Nassau County ("Defendant") in the above-referenced matter. This office was retained to represent Defendant in or about mid-March 2026. This letter is submitted pursuant to Your Honor's Individual Practices in Civil Cases § VI(K)(2) ("Individual Practices") to request a pre-motion conference to address Defendant's submission of a motion to amend its Answer (ECF Doc. 6) *nunc pro tunc* to add the affirmative defense of Plaintiff's failure to mitigate damages. At a telephonic meet and confer held on August 3, 2026, counsel for Plaintiff Jamie Domroe ("Plaintiff") stated that he would not consent to said amendment, thus necessitating the submission of this request.

Pursuant to S.D.N.Y./E.D.N.Y. Local Civ. R. 15.1(a) and Individual Practices § VI(K)(2), attached hereto as Exhibit "A" is a clean copy of Defendant's proposed Amended Answer and attached as Exhibit "B" is a version of the proposed Amended Answer that shows through redlining and strikeouts all differences between the proposed Amended Answer and the Answer that it is intended to amend.

Plaintiff in this action alleges that she was discriminated against in violation of the Americans with Disabilities Act ("ADA"), 42 USC Chapter 26 (§ 12101, *et seq.*) and New York State Human Rights Law, Executive Law § 290, *et seq.* ("NYSHRL") based on alleged failure to accommodate. Plaintiff also claims that Defendant retaliated against her in violation of the ADA and the NYSHRL in connection with health insurance coverage. (ECF Doc. 1).

Plaintiff's request for damages includes both back pay and front pay. *See* Complaint, ¶ 12 and Wherefore clause, Section B. (ECF No. 1). While Defendant wholly disputes the availability of back pay or front pay under the facts and circumstances of this case (as well as liability altogether), to the extent that Plaintiff is making a claim for back pay and front pay, she is under a duty to mitigate her alleged damages. *Bailey v. N.Y.S. Department of Corrections and Community*

*Supervision*, 2023 WL 8530298, *2 (N.D.N.Y. 2023) (stating that plaintiff in employment discrimination action forfeits right to back or front pay if she fails to mitigate damages and that failure to mitigate is an affirmative defense that must be pled). Under these circumstances, Defendant's amendment of its Answer to include the affirmative defense of Plaintiff's failure to mitigate her alleged damages would not be futile. *See Jimenez v. Rutgers Casualty Insurance Co.*, 775 F. Supp. 3d 695, 699 (E.D.N.Y. 2025) (stating that affirmative defense is only considered futile where it is clearly meritless based on well-pleaded factual allegations contained within pleadings or would have no impact on outcome of the action itself).

The allegations in the Complaint stem from a July 16, 2019 incident in which Plaintiff, while working as a Psychiatric Social Worker I for the Nassau County Department of Social Services ("DSS"), Office of Emergency Housing, was assaulted at work. This incident is the subject of a separate lawsuit that Plaintiff has filed in New York State Court (Supreme Court, Nassau County Index No. 606930/2020) against, *inter alia*, the individual who assaulted her, and Defendant herein has been named as a third-party defendant in the State Court action.

Defendant respectfully submits that, pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b)(4)[1], there is a sound basis for amendment of Defendant's Answer *nunc for tunc* to add the affirmative defense of Plaintiff's failure to mitigate damages. To the extent a scheduling order governs amendment of a pleading, the rule under Fed. R. Civ. P. 15(a)(2) is balanced against Fed. R. Civ. P. 16(b)(4)'s good cause requirement for the modification of a scheduling order. *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009); *EEOC v. Hillstone Restaurant Group, Inc.*, 346 F.R.D. 26, 30 (S.D.N.Y. 2024). In general, the existence of good cause turns on the moving party's diligence. *Id.*, at 335; *see also Caraballo v. City of New York*, 2023 WL 2689725, *4 (S.D.N.Y. 2023); *Blake Marine Group, LLC v. Frenkel & Company*, 425 F. Supp. 3d 330, 335 (S.D.N.Y. 2019).

Here, Defendant has acted diligently in seeking amendment of its Answer. Permission to move is being sought within weeks of ascertaining the inadvertent omission of the affirmative defense, and as soon as practicable after complying with the Court's Orders regarding Defendant's production of records maintained on a New York State server, which required a review of thousands of electronic records for relevancy and privilege. This task was required to be commenced immediately upon this office's retention in March 2026, involved significant time and attention, and was completed only last week, when this office produced the records with the required privilege log to Plaintiff's counsel on August 8, 2026. Upon retention, this office's attention was also focused on attaining familiarity with the underlying facts in this case, which has

[1] Pursuant to a discovery scheduling order filed on January 15, 2025 (ECF No. 8), as part of Phase 2 discovery, a "[d]eadline for proposed amendment of the pleadings *to add claims or join additional parties*" (emphasis added) was set for "within 14 days of mediation." However, on January 22, 2025, Magistrate Judge Dunst only approved the parties' proposed schedule as to Phase 1 deadlines. (DE 9). After unsuccessful mediation efforts, on August 8, 2025, a new proposed scheduling order was filed (ECF No. 15), which was approved by Magistrate Judge Dunst in a scheduling order dated August 11, 2025 and set a deadline for all discovery of January 30, 2026, without specific reference to a deadline for proposed amendment of pleadings. Further extensions of discovery deadlines were thereafter ordered, also without specific reference to an end date for amendment of pleadings. In any event, Defendant respectfully submits that the criteria for amendment under both Fed. R. Civ. P. 15(a)(2) and 16(b)(4) are satisfied.

a complex timeline of events, and reviewing discovery requests and responses that were previously exchanged, which also numbered in the thousands of pages.

A review of the parties' discovery requests shows that, in early 2025, the issue of Plaintiff's mitigation was the subject of discovery. (ECF Doc. 31 and 31-1). *See Tokio Marine and Fire Ins. Co. Ltd. v. Employers Ins. of Wausau*, 786 F.2d 101 (2d Cir. 1986) (allowing leave to amend answer to add affirmative defense of subrogation where the issue was an object of discovery and was foreshadowed at an oral argument). Accordingly, I had no reason to believe that failure to mitigate was not raised specifically as an affirmative defense. It was only within the last few weeks, and after I raised in both a July 1, 2026 letter to Plaintiff's counsel and during a telephonic meet and confer on July 8, 2026 (*see* ECF Doc. 31 and 31-1), the issue of Plaintiff's failure to provide discovery regarding mitigation that predecessor counsel has requested, that I had the opportunity to conduct a more detailed and close review of Defendant's Answer and ascertained that the affirmative defense of failure to mitigate was omitted inadvertently.

Thereafter, and as soon as practicable given the outstanding discovery matters that required my immediate attention, on August 3, 2026, I notified Plaintiff's counsel by email that I intended to address at a meet and confer previously scheduled for later that day, the issue of Defendant's amendment of its Answer to include the affirmative defense of failure to mitigate. As noted above, Plaintiff's counsel informed me at the August 3 meet and confer that he would not consent to the amendment.

Importantly, the fact that Defendant "is a municipality that pays for judgments against it with public funds weighs in favor of allowing it to reduce its potential financial liability" by asserting the affirmative defense of failure to mitigate damages. *United States v. City of New York*, 847 F. Supp. 2d 395, 428 (S.D.N.Y. 2012) (permitting defendant City of New York to amend answer to assert failure to mitigate).

There has been no undue delay, bad faith, or dilatory notice on Defendant's part in seeking to amend the Answer, and there is no undue prejudice to Plaintiff as the non-moving party. *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) (stating that rule in Second Circuit is to allow party to amend pleading in absence of showing by nonmovant of prejudice or bad faith). Mere delay without a showing of bad faith or undue prejudice does not provide a basis for a district court to deny the right to amend. *Id.*

As established above, Defendant has moved expeditiously to address amendment of its Answer, and, since the issue of mitigation has been the subject of discovery since early 2025, Plaintiff cannot claim any undue prejudice. Additionally, Plaintiff has yet to be deposed. As of the filing of this letter, Plaintiff's deposition is scheduled to take place on September 9, 2026, pursuant to a notice of deposition served on August 3, 2026. *See Hillstone Restaurant Group, Inc.*, 346 F.R.D. at 33 (permitting defendant to amend answer to add defense of laches and finding no prejudice to plaintiff where, *inter alia*, fact discovery was not yet complete, depositions had not yet been taken, and summary judgment was far down road); *Caraballo*, 2023 WL 2689725, *4 (granting defendant leave to amend answer to include a release defense during summary judgment phase). Defendant's proposed amendment would have no impact on any depositions other than Plaintiff's and, as noted above, Defendant already requested document disclosure regarding Plaintiff's mitigation as far back as early 2025.

Based on the above, Defendant respectfully requests that Your Honor schedule a pre-motion conference to address Defendant's submission of a motion pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b)(4) to amend it Answer *nunc pro tunc* to add the affirmative defense of Plaintiff's failure to mitigate damages.

Thank you for your consideration.

Respectfully submitted,

Catherine V. Battle

cc: James Vagnini, Esq. (w/encls.) (*Via ECF*)
Brendan Carman, Esq. (w/encls) (*Via ECF*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

JAMIE DOMROE,

Plaintiff,

-against-

NASSAU COUNTY,

Defendant.

--------------------------------------------------------------X

Case No. 24-cv-06545 (SJB)(LGD)

**ATTORNEY CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMITATIONS**

Pursuant to Local Civil Rule 7.1 of the United States District Court for the Southern and Eastern Districts of New York and the Individual Practices in Civil Cases § VI(K)(1) of the Honorable Sanket J. Bulsara, the undersigned counsel certifies that this premotion conference letter complies with the word-count limitations.

In preparing this document, I relied on the word count of the word-processing program Microsoft Word used to prepare the document. The total word count of the document is 1,740 words, which is under the 1,750-word limit set for premotion conference letters in the Individual Practices in Civil Cases § VI(K)(1) of the Honorable Sanket J. Bulsara.

Dated: Mineola, New York
August 12, 2026

Respectfully submitted,

Catherine V. Battle

Catherine V. Battle
Bee Ready Law Group, LLP
*Attorneys for Defendant*
170 Old Country Road, Suite 200
Mineola, New York 11501
Tel No.: (516) 746-5599
Fax No.: (516) 746-1045
cbattle@beereadylaw.com