PETER A. BEE*
RICHARD P. READY
WILLIAM C. DEWITT
ANDREW K. PRESTON**
STEPHEN L. MARTIR**

OF COUNSEL:

RHODA Y. ANDORS

* ALSO ADMITTED IN FL
** ALSO ADMITTED IN NJ

# BEE READY LAW GROUP, LLP

170 Old Country Road, Suite 200
Mineola, New York 11501
T. 516-746-5599 -- F. 516-746-1045
www.beereadylaw.com

ASSOCIATES:

THEODORE GORALSKI
JASON P. BERTUNA
**CHRISTOPHER J. NEUMANN
KEVIN SIMMONS
CATHERINE V. BATTLE
BENJAMIN KOPPEL
LAWRENCE KATZ

August 28, 2026

The Honorable Lee G. Dunst
Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

***Re: Domroe v. Nassau County***
***Case No. 24-cv-06545 (SJB)(LGD)***

Dear Magistrate Judge Dunst:

Pursuant to Your Honor's Order dated July 20, 2026, the parties jointly submit this status report.

**PLAINTIFF'S POSITION**

The parties have coordinated to schedule depositions. The first deposition, taken by Plaintiff's counsel, took place on August 25, 2026. The parties contacted chambers on the record for a dispute that arose during the deposition. Plaintiff anticipates briefing this issue when the transcript is received. A dispute also arose during the deposition over whether a document is privileged. While Plaintiff disagrees with Defendant's characterization of the document and the manner in which it was produced, Plaintiff does not believe that this status report is the proper vehicle for the briefing of this issue.

Plaintiff's counsel will take depositions on September 1, 3, 15, and 16. Defendant's counsel will take Plaintiff's deposition on September 9. Plaintiff has exchanged certifications pursuant to FRCP 26(g)(1) by the August 21, 2026, deadline set by Your Honor's July 20, 2026 order (the "Order"). Plaintiff anticipates that any additional discovery needed is minimal, if any, and per the Order, Plaintiff will not serve any new discovery demands without leave of Court.

**DEFENDANT'S POSITION**

**New York State Server Records:** Bates stamped production by Defendant Nassau County ("Defendant" or "the County") of the New York Server Records, which has been an ongoing subject of dispute, was provided with a privilege log to counsel for Plaintiff Jamie Domroe ("Plaintiff" or "Ms. Domroe") on August 8, 2026.

**Documents Requested Pursuant to Authorizations Provided by Plaintiff:** To date, Defendant has not yet received responsive documents for all authorizations that Plaintiff provided for medical and other records, including records that are pertinent to the issue of whether Ms. Domroe was or is able to work with or without a reasonable accommodation.

**Depositions:** To date, one deposition has been held, that of non-party witness Jamie Haruthunian, Director of Housing for the Nassau County Department of Social Services ("DSS"). Ms. Haruthunian's deposition was conducted on August 25, 2026. Disputes that arose during Ms. Haruthunian's deposition and require resolution by the Court are discussed below.

Depositions of additional non-party County employees are currently scheduled as follows:
Karen Tejada – September 1, 2026
Constance Kenton (retired) – September 3, 2026
Jeanne Vassel – September 15, 2026
Marisa Howard – September 16, 2026

Plaintiff's deposition is currently scheduled for September 9, 2026.

**Request to Judge Bulsara for a Pre-Motion Conference to Move to Amend Defendant's Answer:** On August 12, 2026, the County filed a letter requesting a pre-motion conference to move to amend its answer to add the affirmative defense of Plaintiff's failure to mitigate her damages. (ECF No. 32). To date, the County has received no notice of any opposition or other response from Plaintiff to this letter, and the Court has not yet issued a ruling or order with respect to the request.

**Disputes That Arose During the Deposition of Non-Party DSS Employee Jamie Haruthunian:** The deposition of non-party, Jamie Harthunian, took place on August 25, 2025. Ms. Haruthunian is an employee of DSS who, at all relevant times, served as Director of Housing and was Plaintiff's immediate supervisor. Defendant produced Ms. Haruthunian pursuant to this Court's directive in its Order dated July 20, 2026. Defendant maintains its objection to the taking of Ms. Haruthunian's deposition pursuant to notice of deposition, because Ms. Haruthunian is a non-party witness whose deposition was required to be conducted pursuant to subpoena under Fed. R. Civ. P. 45.

**1.Defendant's Objection to and Directive Not to Answer Any Questions Regarding Ms. Haruthunian's Knowledge of and Interactions with the DSS Client Who Assaulted Ms. Domroe on July 16, 2019**

Defendant did not object to Plaintiff's question to Ms. Haruthunian regarding her preparation of a witness statement relating to Plaintiff's assault by a DSS client on July 16, 2019, and, per agreement with Defendant, a redacted copy of the statement was ultimately marked as

Deposition Exhibit "2".[1] Defendant did, however, object to further questioning regarding the incident, including Ms. Haruthunian's knowledge of and interactions with the DSS client/assailant.

On June 9, 2020, Ms. Domroe commenced a negligence action in Supreme Court, Nassau County under Index No. 606930/2020 in connection with the assault. ("State Court Action"). The only relationship between the July 16, 2019 assault and the claims in the instant action – which are that on four (4) occasions over 2021 and 2022, the County failed to engage in the interactive process with respect to an alleged request for an accommodation in violation of the Americans with Disabilities Act and New York State Human Rights Law, and retaliated against Ms. Domroe with respect to her health insurance benefits – is that the alleged disabilities for which Ms. Domroe allegedly sought an accommodation stemmed from the July 16, 2019 assault. *See* ECF No. 1, ¶¶ 3 through 8.

On October 30, 2024, the court in the State Court Action issued an order in which, *inter alia*, it ***denied*** the following requests made by Ms. Domroe: (1) to compel the client/assailant to execute authorizations that would, *inter alia*, permit Ms. Domroe and any witnesses on behalf of third-party defendants County and Nassau County DSS to testify concerning records and information regarding him, and to allow release of said records, with the condition that they be deemed confidential for use by the parties only within that action, that they be deemed sealed by the court, and that they be destroyed by the parties at the conclusion of the litigation; (2) to authorize the release of said records, with the identical conditions as noted above; and (3) to authorize Ms. Domroe and any other witnesses who might be produced on behalf of third-party defendants County and Nassau County DSS, to testify regarding their knowledge of and interactions with the client/assailant. Index No. 606930/2020, NYSECF Doc. No. 185 (order with notice of appeal) and Index No. 606930/2020, NYSECF Doc. Nos. 140 and 141 (notice of motion and supporting affirmation, specifically, pages 1 and 2, ¶¶ 1, 2, and 3 of notice of motion). The third-party County defendants opposed the application based on, *inter alia*, the confidentiality protections afforded the information and records pursuant to New York Social Services Law §§ 21 and 136 and federal regulations prohibiting their disclosure except for the purpose of the administration of the social services program (45 C.F.R. § 205.50). Index No. 606930/2020, NYSECF Doc. No. 147.

Ms. Domroe's appeal of the order remains pending. Upon information and belief, to date, Ms. Domroe's attorney in the State Court Action has not sought to compel the depositions of Ms. Haruthunian, or any other County or DSS employees. Notable also is that, at Ms. Domroe's deposition in the State Court Action held on May 16, 2023, it was agreed that Ms. Domroe would not be questioned regarding her knowledge of and interactions with the DSS client/assailant, as the confidentiality thereof was acknowledged. Index No. 606930/2020, NYSECF Doc. No. 159, transcript pages 250 and 257. Yet, Plaintiff's attorney herein seeks exactly such information from Ms. Haruthunian, even though it is beyond cavil that information regarding the underlying July 16, 2019 assault, including that relating to the DSS client/assailant, is entirely irrelevant to the claims in the instant matter and outside the scope of Fed. R. Civ. P. 26(3)(b).

[1] Plaintiff initially sought to utilize an unredacted copy of the statement and question Ms. Haruthunian regarding it, to which Defendant objected; Defendant had already produced a redacted copy of the statement on August 8, 2026, which was redacted to protect confidential DSS client information, as NYS Server Document 000370.

The County's objection is not merely grounded in Fed. R. Civ. P. 26(3)(b), however. The County possesses a legitimate, good faith conviction, given the court's order in the State Court Action and the disclosure disputes therein, that Plaintiff's action in seeking to question Ms. Haruthunian further regarding the underlying assault on Ms. Domroe, and obtain information regarding the DSS client/assailant, is subject to limitation pursuant to Fed. R. Civ. P. 30(d)(3), as this line of questioning is not being conducted in good faith. *See, e.g. Bishop v. County of Suffolk*, 248 F. Supp. 3d 381 (E.D.N.Y. 2017).

The County further respectfully submits that the Amended Protective Order (ECF No. 27-2) is not sufficient to address the County's concerns regarding disclosure of DSS client confidential information and records and their potential use in the State Court Action. Among other things, Section 2((e)(iii) states that records produced without redactions may not be shared with any person "other than legal counsel representing the respective parties," which could potentially be read as including Ms. Domroe's legal counsel in the State Court Action. Secondly, Section 2((e)(iv) provides that the disclosure of any and all DSS records relating to a specific individual may only be made pursuant to a "statutory 'so ordered' subpoena," which must direct the redaction of confidential and/or identifying information and/or protected data with the Court under seal. To date, Plaintiff has not sought nor obtained any such subpoena.

Based on the above, the County respectfully requests that Your Honor issue an Order precluding Plaintiff from questioning Ms. Haruthunian, or any other County or DSS witness, whether deposed on a party or non-party basis, with respect to the underlying assault, including any knowledge and information they may have regarding the DSS client/assailant.

**2.Plaintiff's Attempt to Question Ms. Haruthunian Regarding an Unredacted, Privileged Email**

As part of the New York State Server production, the County produced a redacted copy of an email exchange between Ms. Haruthunian and Jeanne Vassel, then Director of Human Resources/Payroll at DSS, which clearly indicates that the emails were prepared at the request of the County Attorney's Office. The County's privilege log indicated that the basis for the redactions was that the content was protected under both attorney-client privilege and work product privilege. Plaintiff, however, was in possession of an unredacted copy of the document that was provided under a "quick look" understanding with predecessor counsel and sought to question Ms. Haruthunian regarding the unredacted document, to which Defendant objected and directed Ms. Haruthunian not to answer. Plaintiff marked the objection and directive for a ruling. Defendant respectfully submits that *La Liberte v. Reid*, 2024 WL 22781 (E.D.N.Y. 2024) is applicable and bars Plaintiff's attempted use of the unredacted email.

Respectfully submitted,

Catherine V. Battle

cc: James Vagnini, Esq. (w/ encls.)
Brendan Carman, Esq. (w/encls.)