Valli Kane & Vagnini

EMPLOYEE RIGHTS ATTORNEYS

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: (516) 203-7180
Fax: (516) 706-0248
www.vkvlawyers.com

September 14, 2026

**VIA ECF**
Hon. Sanket J. Bulsara
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 930
Central Islip, NY 11722

**Re:** ***Jamie Domroe v. Nassau County*, 24-cv-06545 (SJB) (LGD)**

**Plaintiff's Opposition to Defendant's Request for a Pre-Motion Conference**

Dear Judge Bulsara:

We submit this letter in opposition to Defendant's request (ECF No. 32) for a pre-motion conference to address Defendant's motion to amend its Answer (ECF No. 6) to add the affirmative defense of failure to mitigate damages.

**A. Defendant's Proposed Amendment Is Futile Because Plaintiff Is A Current Employee**

Plaintiff is a current employee on unpaid leave with pending requests for accommodation. She has no duty to mitigate her damages. Defendant's proposed amendment, therefore, is futile. *Carrero v. NYC Housing Authority*, 890 F.2d 569 (2d Cir. 1989) (*superseded by statute on other grounds*) is instructive. In that Title VII case, the defendant gave the plaintiff the option of accepting a demotion or remaining on an unpaid leave. *Id.* at 580. The plaintiff chose unpaid leave. The Court held that the plaintiff was not required to accept a demotion, to mitigate her damages. *Id.* Nor was the plaintiff required to resign and search for a new employer. *Id.* Instead, "by choosing to accept an unpaid leave of absence [the plaintiff] at least guaranteed the certainty of a job, regardless of the outcome of her case, and her Civil Service title…, without loss of any seniority … during her leave." *Id.*

Plaintiff is in a similar position. Since October 2021, she has submitted multiple requests for a reasonable accommodation that would permit her to return to work. Defendant has ignored these requests, and thus Plaintiff remains on an unpaid leave, though ready and willing to return to work (with an accommodation). Defendant, by arguing that Plaintiff must mitigate her damages, essentially claims that Plaintiff must resign and seek new work. But that is not the case. Plaintiff has worked for Defendant since 2005. She should not be required to abandon her career because Defendant has to date ignored her requests to return to work. Indeed, if Plaintiff were to "take the situation into her own hands" and resign, that would "undermine[] the goal of antidiscrimination law of encouraging employees to address discriminatory conduct from within the employment relationship." *E.E.O.C. v. Bloomberg L.P.*, 29 F.Supp.3d 334, 342 (S.D.N.Y. 2014).

If Defendant is permitted to amend its Answer to include an affirmative defense of mitigation, then Plaintiff will need to amend her Complaint to include a claim for termination and/or constructive discharge, and seeking reinstatement as a remedy.

**B. <u>No Good Cause Exists to Amend the Answer</u>**

Plaintiff filed her complaint on September 17, 2024, and Defendant filed its Answer on November 18, 2024. On January 15, 2025, the parties, after meeting and conferring, jointly submitted a proposed discovery schedule using Judge Dunst's "Phase 1" and "Phase 2" template. ECF No. 8. One of the agreed upon proposed Phase 2 deadlines was that amendments of the pleadings must be completed within 14 days of mediation. The parties mediated on June 30, 2025.

On January 22, 2025, Judge Dunst approved the parties proposed Phase 1 discovery deadlines. ECF No. 9. At the time, Judge Dunst did not order deadlines for "Phase 2" discovery. *Id.* Subsequently, Judge Dunst has ordered deadlines for the completion of certain Phase 2 elements of discovery. *See* August 11, 2025 Order (January 30, 2026 discovery deadline); ECF No. 30 (fact discovery deadline extended through October 15, 2026). Though Judge Dunst's subsequent rulings have not explicitly addressed a deadline to amend the pleadings, they do involve "Phase 2" discovery. Based on these newer discovery deadlines, and the fact that parties had already agreed upon an amendments deadline, the deadline for Defendant to amend its Answer has long passed.

This case has been pending for nearly two years. The parties are nearly finished with depositions, and the fact discovery deadline (October 15, 2026) is a month away. Permitting Defendant to amend its Answer, which will necessitate Plaintiff amending her Complaint, will only further delay this lengthy discovery process. Defendant's counsel claims that her firm was retained in March 2026, and that counsel's attention was focused on discovery and familiarizing herself with the underlying facts of the case. This does not explain why months passed by without Defendant discovering a supposed omission from its Answer, a relatively brief document, that has been on file since November 18, 2024. In short, Defendant has not shown good cause to excuse its delay in seeking an amendment to its Answer.

Finally, in her letter, counsel accuses Plaintiff of failing to provide discovery regarding mitigation that Defendant's prior counsel had requested. This is inaccurate. Plaintiff provided prior counsel with a Social Security Administration records release on September 18, <u>2025</u>, which apparently Defendant did not act upon.

Based on the above, Defendant's request for a pre-motion conference should be denied.

Respectfully submitted,
VALLI KANE & VAGNINI LLP

<u>*/s/ James Vagnini*</u>
James Vagnini
Brendan Carman
jav@vkv.law
bcarman@vkv.law
*Attorneys for Plaintiff*

cc [via ECF]

Susan Tokarski
stokarski@nassaucountyny.gov

Catherine V. Battle
cbattle@beereadylaw.com

*Attorneys for Defendant*

## ATTORNEY CERTIFICATION OF COMPLIANCE

Pursuant to Local Civil Rule 7.1 of the United States District Court for the Southern and Eastern Districts of New York and the Individual Practices in Civil Cases § VI(K)(1) of the Honorable Sanket J. Bulsara, the undersigned counsel certifies that this premotion conference letter complies with the word-count limitations.

In preparing this document, I relied on the word count of the word-processing program Microsoft Word used to prepare the document. The total word count of the document is 774 words, which is under the 1,750-word limit set for premotion conference letters in the Individual Practices in Civil Cases § VI(K)(1) of the Honorable Sanket J. Bulsara.

Dated: September 14, 2026

*/s/ Brendan Carman*
Brendan Carman
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, NY 11530
(516) 203-7180
bcarman@vkv.law

*Attorney for Plaintiff*