# JOINT EXHIBIT "2"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---X

JAMIE DOMROE,

Plaintiff,

Index No. 606930/2020

**NOTICE OF MOTION**

CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES INC., JULIAN PREVAL, and [redacted]

Defendant.

---X

CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES INC. AND JULIAN PREVAL,

Third-Party Plaintiffs,

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES,

Third-Party Defendants,

---X

PLEASE TAKE NOTICE that upon the affirmation of KARA M. ROSEN, ESQ., dated the 11th day of September 2024, upon the annexed exhibits and upon all of the pleadings and proceedings previously had herein, the plaintiff will move this Court on October 9, 2024 at 9:30 a.m., or as soon thereafter as counsel may be heard, before the Hon. Denise L. Sher, IAS Part 32, at the courthouse located at 100 Supreme Court Drive, Mineola, New York 11501, for an Order: (1) compelling defendant [redacted] to authorize the release of all records from defendant CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES and third-party defendants COUNTY OF NASSAU AND NASSAU COUNTY DEPARTMENT OF SOCIAL

SERVICES, including but not limited to: communications, correspondence, emails, medical records, treatment notes, medications, prescriptions, counseling notes, and any and all records, communications and/or documentation referencing defendant [redacted] by way of executed HIPAA authorizations, or such other authorizations as may be required by the defendant/third-party plaintiff and/or third-party defendant, including authorization for plaintiff JAMIE DOMROE, defendant JULIAN PREVAL, and witnesses on behalf of CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES and third-party defendants COUNTY OF NASSAU AND NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, to testify concerning said records and information with the condition that all such records be deemed confidential for use by the parties to the within proceeding only, be deemed sealed by this Court, and to be destroyed by the parties at the conclusion of the within litigation; and (2) authorizing the release of defendant [redacted] complete records from Defendant CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES and third-party defendants COUNTY OF NASSAU AND NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES; and for the release of all records, correspondence, logs, reports and other information, maintained by, and in the possession of, the Defendant CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES and third-party defendants COUNTY OF NASSAU AND NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, regarding [redacted] with the condition that all such records be deemed strictly confidential for use by the parties to the within proceeding only and be deemed sealed by the Court, with all such records to be destroyed by the parties at the conclusion of the within litigation, and; (3) authorizing the plaintiff JAMIE DOMROE, defendant JULIAN PREVAL, and any and all other witnesses who may be produced on behalf of the defendants and third-party defendants, or who may be noticed to appear on behalf of the

defendants and third-party defendants, to testify regarding their knowledge of, and interactions with, the defendant [redacted] including testimony regarding information that may be otherwise precluded from disclosure pursuant to HIPAA and/or privilege law and/or confidentiality requirements, with the condition that all such testimony be deemed strictly confidential for use by the parties to the within proceeding only and be deemed sealed by the Court; or (4) compelling the plaintiff and the defendants to appear for depositions subject to objections concerning the privilege and/or HIPAA privacy considerations; or (5) compelling defendants to respond to the outstanding discovery with specific objections to the records, or portions of records, that are claimed to be HIPAA protected, or in the alternative; (6) submitting the portions of the subject discovery in dispute to be reviewed in camera by the Court to allow records and testimony that include or reference information of a nonmedical nature, such as observations of conduct, language and appearance of factual matters, to be disclosed; (7) and for such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that answering affidavits, if any, must be served within at least seven (7) days prior to the return date of this Motion in accordance with the provisions of CPLR §2214(b).

Dated: Westbury, New York
September 11, 2024

Yours, etc.,

EDELMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiffs
By: ____________________
KARA M. ROSEN, ESQ.
7001 Brush Hollow Road, Suite 100
Westbury, New York 11590
(516) 742-9200

TO: MIRANDA SLONE SKLARIN
VERVENIOTIS LLP
Attorneys for Defendants
CENTRAL NASSAU GUIDANCE AND
COUNSELING SERVICES INC. and JULIAN PREVAL
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676

KERRI M. HOFFMAN, ESQ.
Deputy County Attorney
Attorney for Third-Party Defendants
COUNTY OF NASSAU, NASSAU
COUNTY POLICE DEPARTMENT
And NASSAU COUNTY DEPARTMENT OF
SOCIAL SERVICES
One West Street
Mineola, New York 11501

[redacted]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------------X
JAMIE DOMROE,
Plaintiff,

Index No. 606930/2020

**AFFIRMATION IN SUPPORT**

CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES INC., JULIAN PREVAL, and [redacted],

Defendant.
----------------------------------------------------------------X
CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES INC., JULIAN PREVAL, and [redacted]

Third-Party Plaintiffs,

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES,

Third-Party Defendants,
----------------------------------------------------------------------X

KARA M. ROSEN, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following under the penalties of perjury, upon information and belief:

1. I am an attorney with Edelman, Krasin & Jaye, PLLC, the attorneys of record for the plaintiffs, and as such, I am fully familiar with the facts and circumstances surrounding this matter based upon investigation and the contents of the file maintained by my office, which I believe to be true.

2. This affirmation is respectfully submitted in support of Plaintiff's motion for an Order for an Order: (1) compelling defendant [redacted] to authorize the release of all records from defendant CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES and third-party defendants COUNTY OF NASSAU AND NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, including but not limited to: communications, correspondence, emails, medical records, treatment notes, medications, prescriptions, counseling notes, and any and all records, communications and/or documentation referencing defendant [redacted], by way of executed HIPAA authorizations, or such other authorizations as may be required by the defendant/third-party plaintiff and/or third-party defendant, including authorization for plaintiff JAMIE DOMROE, defendant JULIAN PREVAL, and witnesses on behalf of CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES and third-party defendants COUNTY OF NASSAU AND NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, to testify concerning said records and information with the condition that all such records be deemed confidential for use by the parties to the within proceeding only, be deemed sealed by this Court, and to be destroyed by the parties at the conclusion of the within litigation; and (2) authorizing the release of defendant [redacted] complete records from Defendant CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES and third-party defendants COUNTY OF NASSAU AND NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES; and for the release of all records, correspondence, logs, reports and other information, maintained by, and in the possession of, the Defendant CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES and third-party defendants COUNTY OF NASSAU AND NASSAU

COUNTY DEPARTMENT OF SOCIAL SERVICES, regarding [redacted] with the condition that all such records be deemed strictly confidential for use by the parties to the within proceeding only and be deemed sealed by the Court, with all such records to be destroyed by the parties at the conclusion of the within litigation, and; (3) authorizing the plaintiff JAMIE DOMROE, defendant JULIAN PREVAL, and any and all other witnesses who may be produced on behalf of the defendants and third-party defendants, or who may be noticed to appear on behalf of the defendants and third-party defendants, to testify regarding their knowledge of, and interactions with, the defendant [redacted], including testimony regarding information that may be otherwise precluded from disclosure pursuant to HIPAA and/or privilege law and/or confidentiality requirements, with the condition that all such testimony be deemed strictly confidential for use by the parties to the within proceeding only and be deemed sealed by the Court; or (4) compelling the plaintiff and the defendants to appear for depositions subject to objections concerning the privilege and/or HIPAA privacy considerations; or (5) compelling defendants to respond to the outstanding discovery with specific objections to the records, or portions of records, that are claimed to be HIPAA protected, or in the alternative; (6) submitting the portions of the subject discovery in dispute to be reviewed in camera by the Court to allow records and testimony that include or reference information of a nonmedical nature, such as observations of conduct, language and appearance of factual matters, to be disclosed; (7) and for such other and further relief as this Court deems just and proper.

## PROCEDURAL AND FACTUAL HISTORY

3. The subject incident occurred on July 16, 2019, while plaintiff was in the course of her employment with the Nassau County Department of Social Services located at 60 Charles

Lindbergh Boulevard in Uniondale, New York, and was present at a meeting with defendant [redacted] (hereinafter [redacted]), when said defendant physically attacked, choked, pushed, shoved, hit, punched, and violently assaulted Plaintiff causing severe and permanent personal injuries. Defendant [redacted] was escorted and/or accompanied to this meeting by defendant Julian Preval (hereinafter "Preval"), who was in the course of his employment, performing duties within the scope of his employment, at the time of the incident.

4. On or about July 9, 2020, this action was commenced with the filing of a Summons and Verified Complaint. *See* NYSCEF Doc. No. 1.

5. Thereafter, in an Order dated September 30, 2021, and entered October 18, 2021, the Court issued an Order denying the pre-answer motion to dismiss by defendants CENTRAL NASSAU GUIDANCE AND COUNSELING SERVICES (hereinafter "Central Nassau") and Preval (Mot. Seq. No. 001) and granted the plaintiff's motion for a default judgment against defendant [redacted] (Mot. Seq. No. 002). *See* NYSCEF Doc. No. 41.

6. [redacted] sent a letter to this firm in connection with the default motion, in which he alleged that he told the defendant Julian Preval "Don't let her get near me" referencing the plaintiff. *See* NYSCEF Doc. No. 33.

7. Defendants Central Nassau and Preval thereafter filed an Answer on November 2, 2021. *See* NYSCEF Doc. No. 43. An Answer with Cross Claim was filed on January 13, 2022. *See* NYSCEF Doc. No. 47.

8. The case was certified by the Court on February 3, 2022 without the acknowledgment of counsel. *See* NYSCEF Doc. No. 52.

9. The third-party action was filed on April 22, 2022. *See* NYSCEF Doc. No. 54.

10. The Note of Issue was filed on May 3, 2022, at the direction of the Court, and over objection, despite essentially all discovery outstanding. *See* NYSCEF Doc. No. 57.

11. The third-party County defendants (hereinafter "DSS") filed an Answer on May 9, 2022. *See* NYSCEF Doc. No. 33.

12. The previous motions to vacate the note of issue, and stipulations to be so-ordered, were withdrawn at the direction of the Court and rejected respectively.

13. Plaintiff served a Notice for Discovery and Inspection on Central Nassau and Preval dated November 17, 2021. A copy of said demands is annexed hereto as Exhibit A.

14. Defendant Central Nassau served responses to said demands, including a response to plaintiff's Notice for Discovery and Inspection, in which objections were made to: demands for the complete personnel file for defendant Preval; complete copies of documents relating to the investigation of the subject occurrence; communications between Central Nassau and DSS concerning [redacted] communications between Central Nassau and DSS concerning the subject incident, and; for the complete client file for [redacted], including but not limited to "medication, prescriptions, plan of care, notes, evaluations, assessments, schedules, meeting notes and communications between care coordinators." A copy of the response is annexed hereto as Exhibit B.

15. Neither Central Nassau nor Preval moved for a protective order with respect to the above referenced demands. The specific documents and records claimed to be HIPAA protected were not identified. Physician-patient privilege was not asserted with respect to the requested records.

16. On May 16, 2023, the plaintiff appeared for a continued deposition. The deposition was stopped because it became clear to all counsel involved that there may be HIPAA concerns

regarding the plaintiff's testimony concerning [redacted]. It was agreed that all parties would attempt to obtain an authorization from [redacted], and if necessary, seek the guidance of the Court with respect to the issue.

17. The parties thereafter sought the guidance of the Court with respect to the discovery issues addressed herein by letter dated October 18, 2023, and in person at each appearance in the trial scheduling part.

18. On January 31, 2024, the parties appeared for a pre-trial conference and were advised to draft an authorization that would be acceptable for Central Nassau and DSS for the release of the subject records, and testimony. The parties were advised to engage investigators to attempt to get the authorization executed by [redacted]

19. In April, the parties met and conferred via telephone. Counsel for Central Nassau advised that a draft of the authorization would be circulated for approval by the parties before attempts were made to get it signed. Counsel also advised that [redacted] had been located through an unrelated criminal action, and that their investigator would attempt to make contact at an upcoming court appearance.

20. On June 3, 2024, the parties appeared for a pre-trial conference. Counsel for Central Nassau advised the Court that they had located [redacted] but were waiting for his criminal court date to approach him with the authorization.

21. Plaintiff thereafter hired an investigator on June 10, 2024 to locate [redacted].

22. [redacted] was located on June 18, 2024. He was asked to sign the HIPAA authorizations for the release of records from Central Nassau and DSS. [redacted] did not execute the authorizations. [redacted] was also served with a notice of examination before trial at that time. The examination before trial was noticed for July 17, 2024. [redacted] did not appear.

23. On July 1, 2024 Central Nassau filed a motion to vacate the Note of Issue. *See* NYSCEF Doc. Nos. 116-134.

24. On July 3, 2024, the parties appeared for a pre-trial conference. The parties were referred to this Court for further consideration of the ongoing discovery concerns, in light of the pending motion.

25. DSS then filed a cross-motion to vacate the Note of Issue on July 9, 2024. *See* NYSCEF Doc. Nos. 135-137.

26. Both motions are pending before this Court.

27. This case was also conferenced with the Court most recently on September 3, 2024 and the within motion follows.

*The Disovery Issues*

28. As has been previously mentioned herein, it became clear to the parties that there may be an issue with disclosure of certain documents, records, and information, concerning [redacted] Specifically, the plaintiff was questioned concerning her knowledge of [redacted] mental health condition. As a social worker, working for DSS, the deposition was paused at this time due to concerns that the resulting testimony may be in contravention of HIPAA privacy law, as well as the laws concerning privilege and confidentiality.

29. These same concerns have been relied upon by Central Nassau and DSS with respect to their inability, and refusal to, produce witnesses on their behalf, as well as to produce document disclosure in response to the demands of all parties.

30. The parties have additionally attempted to obtain HIPAA authorization from [redacted] to allow access to these records, and to elicit testimony concerning his medical history.

31. While the attempts have been unsuccessful, [redacted] is certainly on notice of the parties' attempts to obtain the subject information.

32. It is also important to note that the records and documents sought are not all medical records, nor are they all HIPAA protected. However, the parties are naturally concerned about the unintentional violation of HIPAA with the disclosure of potentially protected information.

33. Additionally, it is undisputed that the outstanding discovery is material and necessary to both the prosecution and defense of this action. [redacted] mental health condition, his medication regiment, and the parties' knowledge of both, are specifically pertinent.

34. Neither Central Nassau nor DSS have asserted the physician-patient privilege pursuant to CPLR § 4504.

35. It should be further noted that the parties have been working diligently, and cooperatively, in an attempt to come to a mutual and successful resolution of this issue. However, despite the best efforts of all parties, the discovery as outlined herein, specifically responses to party demands for the records from both Central Nassau and DSS concerning [redacted], as well as the complete depositions of all parties, remains outstanding.

36. As such, the within motion has become necessary.

**ARGUMENT**

37. Plaintiff's motion should be granted, as the discovery that is the subject of this motion is either not HIPAA protected, or in the alternative, is authorized to be produced by Central Nassau and DSS pursuant to 45 CFR 164.512(e)(1)(i) and (ii). It is further respectfully submitted that this Court has the power to order the production of the subject discovery pursuant to the same statutory authority.

38. First, it is well settled that where a defendant places his or her mental condition at issue, by counterclaim, or to excuse the conduct complained of by the plaintiff, the medical records concerning that condition are discoverable. *McConnell v. Santana,* 30 A.D.3d 481 (2d Dept. 2006); *Dillenbeck v. Hess,* 73 N.Y.2d 278 (1989).

39. The defendant must in some way assert the condition in an affirmative manner. *Id.* This waiver can occur by letter, or other course of conduct and constitutes grounds to compel the defendant to execute HIPAA and *Arons* authorizations concerning the subject medical condition. *Sackett v. Bayer,* 2013 N.Y. Slip Op 32847(U)(N.Y. Sup Ct 2013).

40. Notwithstanding the above waiver, clinical information that identifies patients or clients may be released pursuant to court order where "the interests of justice significantly outweigh the need for confidentiality." *Friend v. SDTC-Center for Discovery, Inc.,* 13 A.D.3d 827 (3d Dept. 2004) *citing* Mental Hygiene law § 33.13(c)(1); *Sohan v. Long Is. Coll. Hosp.,* 282 A.D.2d 597, 598 (2d Dept. 2001).

41. Furthermore, "information relating to the nature of medical treatment and the diagnoses made, including 'information communicated by the patient while the physician attends the patient in a professional capacity, as well as information obtained from observation of the patient's appearance and symptoms,' is privileged." *Gooden v. New York City Health & Hosps. Corp.,* 216 A.D.3d 1143 (2d Dept. 2023) *citing Mullen v. Wishner,* 172 A.D.3d 1386 (2d Dept. 2019); CPLR §4504; Mental Hygiene Law § 33.13(c)(1); *Bellamy v. State of New York,* 136 A.D.3d 1247 (3d Dept. 2016).

42. However, "the physician-patient privilege generally does not extend to information obtained outside the realms of medical diagnosis and treatment." *Id.*

43. The privilege is further limited to "information acquired by the medical professional through application of professional skill or knowledge." *Jayne v. Smith,* 2020 NY Slip OP 03101 (2d Dept. 2020).

44. The privilege furthermore does not extend to nonmedical information in the possession of the defendant insofar as it relates to any prior assaults or similar violent behavior, including the time and place and surrounding circumstances for each incident with medical information redacted. *Id; Friend supra; Mayer v. Albany Med. Ctr. Hosp.,* 37 A.D.2d 1011 (3d Dept. 1971); *Mohr v. Hillside Children's Ctr.,* 1 A.D.3d 176 (1st Dept. 2003); *Villano v. State of New York,* 127 Misc. 2d 761 (Ct. Cl. 1985); *Cabreja v. Bay Park Ctr.,* 203 A.D.3d 421 (1st Dept. 2022).

45. The plaintiff is additionally entitled to the depositions of treating physicians, and therefore other party defendants, and those defendants are required to answer questions seeking nonprivileged information regarding the patient. *Jayne supra.* Counsel may object to those questions that call for the disclosure of privileged information, but this should not be predetermined. *Id.*

46. Furthermore, HIPAA, the Health Insurance Portability Accountability Act of 1996, and the Privacy Rule contained therein, does not create a privilege. Rather, it provides a procedural standard for the disclosure of medical information. *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923 (7th Cir. 2004).

47. Where the information sought is not privileged, but is alleged to be protected health information, federal regulations provide for disclosure of HIPAA-protected documents, without the subject individual's authorization. First, the information may be disclosed pursuant to a court or administrative order, as long as only the health information covered

by the order is disclosed. 45 CFR § 164.512(e)(1)(i). Second, the protected health information may also be disclosed by the covered entity, in response to a subpoena, discovery request, or other lawful process, if the entity has received satisfactory assurances that the party seeking the disclosure has been given notice of the request, or has made reasonable efforts to secure a qualified protective order. [1] 45 CFR § 164.512(e)(1)(ii); *See also Arons v. Jutkowitz,* 9 N.Y.3d 393 (2007); *Newman v. Mount Sinai Med. Ctr., Inc.,* 205 A.D.3d 548 (1st Dept. 2022).[2]

48. Simply put, disclosure is permitted in the course of any judicial proceeding, either by court order explicitly authorizing that the health information be disclosed, or in response to a discovery request, where the provider receives assurances of reasonable efforts to notify the individual whose information is sought or receives assurances that the party seeking

---

[1] A qualified protective order is one that prohibits the use or disclosure of the information outside the litigation and requires the return or destruction of the information at the end of the litigation. *Northwestern Mem'l Hosp. supra;* 45 C.F.R. § 164.512(e)(1)(v).

[2] 45 CFR 164.512(e)(1)(i)(ii) states in pertinent part as follows; **(e)** Standard: Disclosures for judicial and administrative proceedings.

**(1)** Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

**(i)** In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

**(ii)** In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

**(A)** The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

**(B)** The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

the information has made reasonable efforts to secure a qualified protective order. *Id; Sunegova v. Vill. of Rye Brook,* 2011 U.S. Dist. LEXIS 147769 (S.D.N.Y. 2011).

49. Here, the physician-patient privilege does not apply, nor has it been asserted by either Central Nassau or DSS. Neither DSS, nor Central Guidance, are physicians or health care providers. *See* CPLR § 4504. Neither have produced a list of the documents that they deem privileged, nor sought protective orders. The demanded documents and testimony are not privileged.

50. Even assuming the physician-patient privilege does apply, [redacted] placed his mental condition at issue thereby waiving any privilege. While [redacted] is in default, and is therefore deemed to have admitted those allegations made against him in the complaint, he clearly acknowledged that he had advised Preval to keep him away from the plaintiff on the day of the incident. *See* NYSCEF Doc. No. 33. This is a clear admission as to his inclination to want to inflict harm upon the plaintiff and therefore his mental state at the time in doing so. [redacted] also clearly places blame for his conduct on the defendants Central Nassau and Preval, effectively asserting a cross claim. *Id.*

51. Additionally, HIPAA privacy concerns have been raised by the parties with respect to deposition testimony and document production. However, similar to the privilege issue, it is unclear what, if any, of the requested discovery is actually HIPAA protected.

52. Neither the County, DSS, nor Central Nassau, have specifically referenced which documents contain HIPAA protected information, nor what types of testimony would be HIPAA protected. It therefore has not been established whether the defendants and third-party defendants are in fact covered entities, nor whether the requested documentation is protected health information.

53. In any event, to the extent the information requested is HIPAA protected, it is nevertheless discoverable pursuant to 45 CFR § 164.512(e)(1)(i) and (ii). This Court has the power to issue an Order releasing the records. 45 CFR § 164.512(e)(1)(i). Central Nassau and DSS also have the power to release the records pursuant to the same statutory authority, as [redacted] has been notified that the subject information is being sought, and the plaintiff is seeking that the records be made confidential and be limited to the purposes of the within litigation. 45 CFR § 164.512(e)(1)(ii).

54. To the extent this Court disagrees, it is respectfully requested that Central Nassau and DSS identify the documents that they allege contain HIPAA protected information, and that those documents be subject to in camera review by this Court. It is furthermore respectfully requested that the plaintiff, Central Nassau, Julian Preval, the County and DSS, appear for depositions, and that objections regarding allegedly protected testimony be made at that time.

55. Lastly, whether by the explicit authorization of [redacted], by the permissible disclosure of the records by Order of this Court, or by the independent release of the records by Central Nassau and DSS, the disclosure of the subject records, and the elicitation of the subject testimony, is in [redacted] direct interest. Such disclosure goes to ensuring that [redacted] will not be the only one sitting at the defendant's table at an inquest in this action. The release of these records is in his direct interest to prevent him from being the sole defendant responsible for a judgment in this case.

56. It is therefore respectfully requested that this Court issue an Order compelling [redacted] to execute the HIPAA authorizations as outlined herein. It is further requested that this Court order the release of the subject records and authorize testimony as it relates to any alleged

protected health information, should [redacted] fail to execute the HIPAA authorizations within 15 days of said Order. To the extent this Court does not authorize the release of the alleged protected information, it is respectfully requested that this Court order depositions to proceed, and that any alleged protected information be specifically identified as such by the defendants. A proposed Order is annexed hereto as Exhibit C.

57. That no previous application for the relief prayed for herein has been made to this or any other Court.

**WHEREFORE**, the plaintiff respectfully requests that the within motion be granted in its entirety and for such other and further relief as this Court deems just and proper.

Dated: Westbury, New York
September 11, 2024

Yours, etc.,
EDELMAN, KRASIN & JAYE, PLLC
Attorneys for Plaintiffs
By:________________________
KARA M. ROSEN, ESQ.
Office and P.O. Address
7001 Brush Hollow Road, Suite 100
Westbury, New York 11590
(516) 742-9200

TO: MIRANDA SLONE SKLARIN
VERVENIOTIS LLP
Attorneys for Defendants
CENTRAL NASSAU GUIDANCE AND
COUNSELING SERVICES INC. and JULIAN PREVAL
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676

KERRI M. HOFFMAN, ESQ.
Deputy County Attorney
Attorney for Third-Party Defendants
COUNTY OF NASSAU, NASSAU
COUNTY POLICE DEPARTMENT
And NASSAU COUNTY DEPARTMENT OF
SOCIAL SERVICES
One West Street
Mineola, New York 11501

[redacted]