# JOINT EXHIBIT "5"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMIE DOMROE<br><br>Plaintiff,<br><br>v.<br><br>NASSAU COUNTY<br><br>Defendants. | Civil Action No.: 22-cv-7023<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S DEMAND (Emails from NYS system)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Civil Rule 26.3 of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Defendants the County of Nassau ("County"), by their undersigned counsel, hereby provide a Response and Objections to Plaintiff's Document Demand for emails from the NYS email system.

## GENERAL OBJECTIONS TO COMBINED DEMAND

The Defendants repeat all General Objections to the Demand of Documents that were previously asserted in their Answer to the Document Demand. General Objections are incorporated into each Specific Objection listed below as if fully set forth in each such Specific Objection. Any response to any Document Demand remains subject to the General Objections and any applicable Specific Objections. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Defendants from raising that objection later. Capitalized terms shall have the meanings set forth in the Combined Demand subject to

these Responses and Objections, unless otherwise specified or unless these Responses and Objections contain an objection to that definition.

1. Defendants object to the Demand for Documents (NYS email system) and the definitions and instructions contained therein, to the extent that they are inconsistent with or purport to impose requirements that exceed those set forth in the Federal Rules, the Local Rules, the case law interpreting each of them or any other laws or rules applicable to proceedings in this Court.

2. Defendants object to the Demand for Documents, to the extent that they seek information that is in whole or in part protected from disclosure under the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery under applicable laws or rules. Nothing contained in these Responses and Objections is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Specific Objections on the ground of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence Defendants do not object to a Demand for Documents, Demand for Interrogatories and/ or Requests for Admissions based on an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in response to any Interrogatory is inadvertent and not intended to waive those privileges and protections.

3. Defendants object to the Demand for Documents, to the extent that they seek information that is not relevant to any party's claim or defense.

4. Defendants object to the a Demand for Documents, to the extent that they are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources and the importance of the discovery in resolving the issues, and to the extent that the burden or expense of the proposed discovery plainly outweighs its likely benefit. Defendants also object to a Demand for Documents to the extent that they are (a) overly broad or unduly burdensome; (b) cumulative, duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial, argumentative, capable of multiple interpretations, or unintelligible.

5. Defendants object to a Demand for Documents to the extent that they seek information not within Defendants' possession, custody, or control.

6. Defendants object to a Demand for Documents to the extent that they seek information (a) already within Plaintiff's possession, custody, or control; (b) otherwise available to Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

7. Defendants object to a Demand for Documents to the extent that they assert, imply, suggest or are premised upon any underlying express or implied assumptions of fact or law with respect to matters at issue in this action. These Responses and Objections are not intended to be, and should not be construed as, an agreement or concurrence by Defendants with Plaintiff's characterization of any facts, circumstances and/or legal obligations. Defendants reserve the right to contest any such characterization as inaccurate. Furthermore, production of any information does not constitute admission as to the admissibility or relevance of that information.

8. Defendants object to a Demand for Documents to the extent they seek or call for conclusions of law.

9. Defendants object to a Demand for Documents to the extent that they prematurely call for expert opinions, and state Defendants will provide expert disclosures as provided by the Federal Rules of Civil Procedure, the Local Rules, and orders of the Court.

10. Defendants object to a Demand for Documents to the extent they seek opinions or contentions relating to fact, or the application of law to fact, as to which discovery has yet to be completed, and where providing an answer would require Defendants to anticipate or assume facts that may be forthcoming during discovery.

11. Defendants object to a Demand for Documents to the extent that they seek information that is confidential, proprietary, and/or commercially sensitive or which, if disclosed, would create a risk of harm, or information that is subject to other protective orders, non-disclosure agreements, or other confidentiality undertakings.

12. Defendants object to a Demand for Documents, to the extent that they seek personal confidential information related to any employee who is not a party to this action. Objections are based on personnel files store confidential records including but not limited to records that contain personal identifying information including, personal tax information and deductions, records regarding personal health information, records regarding insurance information, records regarding financial and banking information, disciplinary records and benefit documents that contain confidential personal identifying information related to their dependents.

13. Defendants' Responses and Objections are based on their current knowledge. Defendants' investigations of this case are ongoing, and fact discovery has only recently begun. Further investigation may reveal additional facts or information that could lead to additional responses and objections. Without in any way obligating any Defendant to do so, Defendants expressly reserve the right to supplement, amend, clarify, or modify the Responses and Objections and their responses to the Interrogatories as further information becomes available or as it may otherwise be necessary or appropriate. Defendants' responses should not be construed to prejudice

any right to conduct further investigation in this case, to limit the use of any additional evidence that may be developed, or to constitute a waiver of any general or specific objection or privilege.

14. Defendants' Responses and Objections are also made without prejudice to their right to introduce all evidence of any kind in these proceedings. Defendants also expressly reserve the right to use or rely on, at any time, subsequently discovered information or information omitted from these Responses and Objections because of mistake, error, oversight, or inadvertence.

## OBJECTIONS TO DEFINITIONS

1. Defendants object the Definitions as overbroad, vague, ambiguous, and unduly burdensome in that it construes any word or term not specifically defined herein or in the Local Rules in accordance with the word or term's meaning as defined by Plaintiff. Defendants will interpret terms undefined in Plaintiff's Demand for emails, consistent with the Local Rules of the Eastern District of New York, the Federal Rules of Civil Procedure, and the plain and ordinary meaning of any undefined term.

## OBJECTIONS TO INSTRUCTIONS

Defendants object to Instructions to the extent that it purports to impose requirements inconsistent with or more burdensome than those required by the Federal Rules of Civil Procedure.

## RESPONSE TO DOCUMENT DEMAND

**Objections to the request for emails contained on the NYS email system**:

1. Defendants object to a Demand for emails to the extent that they seek information not within Defendants' possession, custody, or control. As previously explained, the employees of the Nassau County Department of Social Services are on a NYS email system, that the

Defendants do not control. As the documents are not controlled by the defendant, the defendant cannot attest whether the documents provided are complete.

2. Defendants object to any document demand that would contain confidential information regarding persons applying or receiving benefits under Social Service programs.
    a. Defendants object to the Demand for emails to the extent that any email contains confidential information pursuant to NY Social Services Law §21 and §136 and NYCRR §357.3.
    **b.** Defendants object to the Demand for emails to the extent that any email contains information prohibited from disclosure pursuant to 45 C.F.R. §205.50.T
    **c.** **The County does not waive any objections pursuant to NY Social Services Law §21 and §136 and pursuant to 45 CFR §205.50 to documents that were inadvertently disclosed. If a document was inadvertently disclosed the document must be returned to the County without copies being retained by the plaintiff.**
3. Defendants object to request for emails on the ground that the Request seeks confidential information:
    a. Defendants object to a Demand for emails to the extent that they seek personal confidential information related to any employee who is not a party to this action.
    b. Defendants object to the Demand for emails to the extent that they seek information that is in whole or in part protected from disclosure under the attorney-client privilege, the work product doctrine, or any other privilege or exemption from discovery under applicable laws or rules.

4. Defendants object to a Demand for emails to the extent that they seek information (a) already within Plaintiff's possession, custody, or control; (b) otherwise available to Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**County response:**

**The County reserves rights to object to any document that contains privileged or confidential information.**

Despite these objections the Defendant has made a made a request to NYS for an email search for documents related to this lawsuit. As advised, NYS originally produced emails in a NYS IT program that was not compatible with the County IT systems. The emails were then converted to individual PDF documents. The emails produced by NYS were not in any specific order (not in date order, not separated by sender and or recipient, etc.).

a) In response to Nassau County's request NYS provided a large batch of emails. NYS did **not** limit its search to documents related to this action.

b) The emails produced are limited to individuals who communicate on the NYS email system.

c) NYS produced attachments to emails in a separate attachments folder from the emails.

d) The emails produced by NYS included emails where "Jamie Domroe" was the subject matter or included in the body of the email. In addition, NYS produced emails that include "Jamie Domroe" as a recipient and or sender (including group emails).

e) If the email was a group email (either to her division or to the DSS department) some emails included between 50 and 100 copies. To narrow the production of emails the County has attempted to eliminate multiple copies of the exact emails **i.e.:** to avoid

producing 60 emails to notify the employees that due to extreme weathers special protocols need to be followed – the defendants attempted to limit this production to one copy of the email.

f) The County submits the attached flash drive that contains emails forwarded by NYS.

g) Unfortunately, due to the manner the emails were forwarded by NYS and converted the defendants were unable to bate stamp this disclosure.

h) The County is still reviewing the emails produced and will provide an amended or supplemental production of documents.

Dated: January 2, 2026
Mineola, NY 11501

THOMAS A. ADAMS
Nassau County Attorney

By:
Susan M. Tokarski Deputy County Attorney
Attorney for Defendant
One West Street
Mineola, New York 11501
stokarski@nassaucountyny.gov

To:
Valli Kane & Vagnini LLP
600 Old Country Road, Ste. 519
Garden City, NY 11530
(516) 203-7180