# DEFENDANT'S EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | |
|---|---|
| JAMIE DOMROE,<br><br>Plaintiff,<br><br>-against-<br><br>NASSAU COUNTY,<br><br>Defendant. | Case No. 24-cv-06545 (SJB)(LGD)<br><br>**DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S DEMANDS (NYS System Emails)** |

---------------------------------------------------------------X

Defendant, NASSAU COUNTY, by its attorneys, Bee Ready Law Group, LLP, pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules for the Southern and Eastern District of New York ("Local Rules"), as and for its Supplemental Response to Plaintiff's Document Demands for emails from the New York State email system/server ("the Demands"), sets forth as follows:

## GENERAL OBJECTIONS

A. Defendant objects to the definitions, rules of construction, and instructions provided with Plaintiff's Demands and provides this response pursuant to the procedures and rules set forth in the Federal Rules of Civil Procedure and the Local Rules.

B. Defendant objects to Plaintiff's Demands to the extent that they seek documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privileges. The documents produced pursuant to the Demands are made without waiver and in reservation of all applicable privileges.

C. Defendant objects to the Demands to the extent that they are: (a) overly broad and unduly burdensome; (b) cumulative, duplicative, and/or repetitive; (c) vague, ambiguous, and/or lacking in particularity; and/or (d) not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' access to

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit.

D. Defendant objects to the Demands to the extent that they seek documents not within Defendant's possession, custody, or control. Employees of the Nassau County Department of Social Services utilize an email system that is operated, maintained, and in the possession and control of New York State. As such, Defendant cannot affirm or attest that the documents provided are complete.

E. Defendant objects to the Demands to the extent that the documents sought contain: (a) confidential information regarding persons applying for, eligible for, or receiving benefits, assistance, or care pursuant to the New York State Department of Social Services welfare management system; (b) information prohibited from disclosure pursuant to 45 CFR § 205.50; and/or (c) information confidential or prohibited from disclosure pursuant to any New York State or federal law, rule, or regulation governing public welfare, assistance, or care. **Defendant does not waive any objections to disclosure, including any inadvertent disclosure, of documents containing information deemed confidential or prohibited from disclosure pursuant to any New York State or federal law, rule, or regulation governing public welfare, assistance, or care, including but not limited to New York Social Services Law §§ 21, 136, and 369, 18 NYCRR 357.1 through 357.3, 45 CFR § 205.50, and 42 U.S.C. § 1396. To the extent any such documents were disclosed, the parties herein are bound by the Amended Protective Order approved by the Court on May 4, 2026.**

F. Defendant objects to the Demands to the extent that they seek confidential information related to any employee who is not a party to this action.

G. Defendant objects to the Demands to the extent that they seek information: (a) already within Plaintiff's possession, custody, or control; and/or (b) is otherwise available to Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

H. Defendant does not concede that the documents produced are relevant or material to the subject matter of this litigation, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence.

I. Defendant has made a diligent search for responsive documents. Notwithstanding this, the documents provided herewith are without prejudice to the Defendant's right to introduce at trial any evidence that is subsequently discovered relating to proof of facts now known, and to produce and introduce all evidence whenever discovered relating to facts subsequently discovered, subject to Defendant's obligation to supplement this response under applicable rules.

*Remainder of This Page Intentionally Left Blank*

## RESPONSE TO DOCUMENT DEMAND

1. Subject to the objections stated above, in response to Plaintiff's request for emails from the New York State email system/server related to this lawsuit, and pursuant to a search conducted utilizing search terms agreed to by the parties, see documents Bates Stamped 000001 000375 provided herewith, to which a Privilege Log is annexed as Exhibit "A."

Dated: Mineola, New York
August 6, 2026

Yours, etc.,

Catherine V. Battle

Catherine V. Battle
Bee Ready Law Group, LLP
*Attorneys for Defendant*
170 Old Country Road, Suite 200
Mineola, New York 11501
Tel No.: (516) 746-5599
Fax No.: (516) 746-1045
cbattle@beereadylaw.com

TO: James A. Vagnini, Esq. @ jav@vkv.law
Brendan Carman, Esq. @ bcarman@vkv.law
Valli Kane & Vagnini LLP
*Attorneys for Plaintiff*
600 Old Country Road, Suite 519
Garden City, NY 11530
(516) 203-7170