Valli Kane & Vagnini

EMPLOYEE RIGHTS ATTORNEYS

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: (516) 203-7180
Fax: (516) 706-0248
www.vkvlawyers.com

October 13, 2026

**VIA ECF**

Hon. Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: *Jamie Domroe v. Nassau County*, 2:24-cv-06545 (SJB) (LGD)**
**Joint Status Report**

Dear Judge Dunst:

The parties submit this joint status report per Your Honor's October 6, 2026 order.

**PLAINTIFF'S POSITION**

Additional Discovery

As described in ECF No. 35, Plaintiff seeks permission to reopen the deposition of Jamie Haruthunian for questioning on **(a)** the July 2019 attack of Plaintiff, and **(b)** the document filed as ECF No. 35-6, which Defendant alleges is privileged. If Your Honor grants Plaintiff's request as to either issue, Plaintiff requests four weeks to coordinate scheduling the reopened deposition.

Plaintiff also seeks permission to request additional written discovery based on information obtained during the depositions of Constance Kenton, and Marisa Howard, which indicate there may be additional relevant documents that have not been produced. Specifically, Plaintiff would like to request:

- All versions of a fact timeline, referenced during the deposition of Ms. Howard
- Lists of trainings relating to HR and/or ADA issues that occurred from 2020 to present, with lists of attendees, as referenced during the deposition of Ms. Howard
- Digital copies of notes taken by Ms. Kenton, as referenced during her deposition.

Completion of Plaintiff's Deposition

Plaintiff's deposition took place on September 9, 2026. Defendant's counsel questioned Plaintiff for approximately six hours but did not complete her questioning. While FRCP 30 permits

seven hours of total (including cross), we informed counsel that we are amenable to her questioning Plaintiff for another hour. This would give counsel a full seven hours, after which we would cross Plaintiff.

Counsel now seeks a two additional hours of questioning (8 hours total), which is an hour beyond what is permitted by FRCP 30 for all questioning, and does not even include cross. Plaintiff's position is that this is not an overly complex case, and that counsel's questioning should be able to be completed within seven hours. We respectfully request that Plaintiff's deposition be limited as such.

As to dates, the parties tentatively agree on October 20, 2026 for a continuation of Plaintiff's deposition. Plaintiff disagrees with defense counsel that the pending discovery dispute currently before Your Honor impacts questioning of Plaintiff, as the dispute relates to the deposition of Jamie Haruthunian, not Plaintiff. Plaintiff also disagrees that Defendant's motion to amend its Answer impacts the questioning of Plaintiff, as this motion simply seeks to add an affirmative defense. Counsel can ask Plaintiff questions relating to this defense regardless of how the Court rules on the motion. Our position is that Plaintiff's deposition should be completed on October 20, 2026, and that waiting for the Court's rulings on these issues is unnecessary.

Expert Discovery

Plaintiff proposes expert discovery deadlines consistent with FRCP 26(a)(2), *i.e.*, at least 90 days before the date set for trial.

**Defendant's Position**

Need for Extension of Discovery Deadlines and Proposal of Expedited Schedule for the Completion of Discovery

For the reasons set forth below, Defendant respectfully submits that a two (2) month extension for the completion of fact discovery, including the completion of Plaintiff's deposition, is reasonable, and respectfully proposes a December 15, 2026 deadline for the completion of fact discovery.

Completion of Plaintiff's Deposition

Plaintiff's deposition took place on September 9, 2026, over the course of approximately six (6) hours, but it could not be completed in one day due to the extensive factual history that underlies this matter. As communicated to Plaintiff's counsel when the parties concluded on September 9, 2026, Defendant anticipates that it has approximately two (2) more hours of direct questioning of Plaintiff. At that time, Plaintiff's counsel indicated that they also had questions that they wished to propound to Plaintiff, after my questioning was complete. Based on my communications with Plaintiff's counsel on September 9th, it was my understanding that Plaintiff did not object to my request for this one (1) hour extension beyond the seven (7) hour time limit set forth in Fed. R. Civ. P. 30(d)(1). Today, however, Plaintiff's counsel, Brendan Carman, Esq., communicated to me that Plaintiff objects to an additional one (1) hour (for a total of eight [8] hours) for Defendant's questioning of Plaintiff. Defendant respectfully requests that the Court

grant permission for Defendant to conduct a total of eight (8) hours of questioning of Plaintiff at her deposition, with a date for continuation/completion to be agreed upon by the parties. Defendant offered to continue/complete Plaintiff's deposition on dates preceding the current October 15, 2026 discovery deadline, but I was informed that Plaintiff was unavailable until the last two weeks of October. While the parties are in tentative agreement to October 20, 2026 for the continuation/completion of Plaintiff's deposition, Defendant respectfully submits that setting a date certain for the completion of Plaintiff's deposition is premature at this juncture, given both the outstanding ruling on the discovery disputes that are currently before Your Honor (which could potentially impact questions that are put to Plaintiff during her deposition) and Defendant's outstanding request to Judge Bulsara for a pre-motion conference to address Defendant's submission of a motion to amend its answer to add the affirmative defense of failure to mitigate damages, which also could potentially impact the questioning at Plaintiff's deposition. Accordingly, Defendant respectfully requests that the Court permit the parties to await rulings on both the outstanding discovery disputes and the request for a pre-motion conference before being required to set a date certain for the continuation/completion of Plaintiff's deposition.

Additional Document Discovery

Pursuant to Your Honor's Order dated July 20, 2026, the parties are prohibited from serving any new discovery demands absent leave of the Court. Defendant respectfully requests that the Court grant it leave to serve additional discovery demands for documents upon the completion of Plaintiff's deposition.

At Plaintiff's deposition on September 9, 2026, information was presented that revealed additional documents relevant to this matter that Defendant seeks to obtain. It is anticipated that, at the continuation/completion of Plaintiff's deposition, there may be additional information presented that causes Defendant to seek to obtain additional documents. Accordingly, Defendant respectfully requests that the Court grant it permission to serve additional document demands upon Plaintiff as and when Plaintiff's deposition is complete.

Expert Discovery

Defendant proposes expert disclosure consistent with Fed. R. Civ. P. 26(a)(2), with the proviso that the due date for Plaintiff's expert disclosures/reports be scheduled forty-five (45) days prior to the due date for Defendant's expert disclosures/reports.

Respectfully submitted,

VALLI KANE & VAGNINI LLP

*/s/ Brendan Carman*
James Vagnini, Esq.
Brendan Carman, Esq.
**Valli Kane & Vagnini LLP**

600 Old Country Road, Suite 519
Garden City, NY 11530
(516)-203-7180
jav@vkv.law
bcarman@vkv.law

*Attorneys for Plaintiff*